### E. McILHENNY *v.* A. BARBIN et als.

The plaintiff in execution, and consequently one cognizant of the facts and claiming through him, is not *"a person having an interest to annul* a forced alienation, for the want of those formalities required by law in such alienations." On the contrary, his interest seems to be, to maintain the validity of the forced alienation made at his instance, and for his benefit.

The fact, that property sold by a Sheriff under execution, did not belong to the debtor in execution but to the *plaintiff* in execution himself, does not render the alienation void. A person cannot sell the property of another, but he can certainly sell his own property in any manner that he sees fit, provided no law is violated, and no person is injured thereby.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom,* J. *H. & S. L. Taylor,* for plaintiff and appellant. *Waddill & Barlow,* for defendants.

BUCHANAN, J. This is an action to annul a Sheriff's sale of land seized under executory process, and adjudicated to defendant, *Barbin;* and to have the said land decreed to belong to plaintiff, as owner.

The title under which plaintiff claims is a purchase by notarial act from the Bank of Louisiana, dated the 11th February, 1857.

The Sheriff's sale, under which *Barbin,* the defendant, holds the land, (and which it is the object of the present action to annul,) was made in execution of an order of seizure and sale sued out by the Bank of Louisiana against *Edwards Ogden,* to satisfy a mortgage granted by the latter to the former, to secure a bond subscribed by *Ogden* as principal in favor of the bank, and upon which bond a balance was due and unpaid.

The petition of the bank for executory process was filed the 28th of January, 1854. The Sheriff's adjudication to *Barbin* at the sale under the said writ, took place on the 1st of July, 1854.

The present suit was instituted the 4th of March, 1859.

The following are the grounds of nullity set forth in the petition of plaintiff :

1. That there was no previous demand of the debt claimed by the bank from Ogden, as provided for by the 735th Article of the Code of Practice.

2. The notice of seizure served upon Ogden in the executory process did not give him the delay required by law, within which to make the payment, prior to the advertisement of the property seized.

3. There was no legal advertisement or appraisement of the property sold.

4. Because the land sold by the Sheriff to Barbin was then the property of the Bank of Louisiana ; and the sale of the property was, therefore, void.

5. Because the debt of Ogden to the bank was only an ordinary debt, by reason of confusion, as to the property, the moment the bank became the purchaser thereof at a sale by the assignee in bankruptcy of one Hanna. Any claim which the bank may have had, as mortgagee of the property, was extinguished by their said purchase of the same ; and nothing remained but the personal remedy of the bank against Ogden, as an ordinary debtor.

In order to understand the 4th and 5th grounds of nullity, it must be mentioned that the bond and mortgage of Edwards Ogden to the Bank of Louisiana bear date the 23d April, 1835, Ogden being then owner of the land mortgaged, by purchase from Montfort Wells : that Ogden sold the said land to James Jackson Hanna, on the 17th March, 1836 : and that Hanna having surrendered his property to his creditors in the United States Bankrupt Court, the land in question was sold by his assignee in bankruptcy, at public sale, under an order of the court, to the Bank of Louisiana, represented by its cashier, on the 5th December, 1849.

The defendant, Barbin, pleads in his answer :

1st. That the mortgage executed by Edwards Ogden to the Bank of Louisiana on the 23d April, 1835, contained the pact de non alienando, and that the bank had her mortgage duly re-inscribed up to the date of the Sheriff's sale to respondent under executory process issued at the suit of the said bank.

2d. That if any equity existed between the bank and other parties, respondent was ignorant of it, and purchased the land in question as last and highest bidder at Sheriff's sale, and paid the price which the bank, as seizing creditor, received.

3d. That plaintiff, at the time of the said Sheriff's sale, was the agent of the Bank of Louisiana, and was cognizant of the sale to respondent ; that the subsequent sale of this land by the bank to plaintiff was fraudulent, collusive, and simulated—both vendor and vendee knowing the fact of the sale under execution against Ogden, issued by the former against the land in dispute, at which respondent became purchaser.

The answer concludes by demanding damages of plaintiff, for the institution of this action, as vexatious.

From the preceding recapitulation of the pleadings, it appears that the plaintiff relies upon two distinct grounds : one touching defects in the forms of proceeding in the executory process, and the other touching the conveyances of the land in question in the interval between the mortgage by Ogden and its foreclosure by the bank. Plaintiff claims that the alienation at Sheriff's sale is void, because the forms of law were not pursued. And he claims further, that said alienation is void, because the property sold by the Sheriff belonged to another person than the debtor in execution, to-wit to the plaintiff in execution.

A remarkable peculiarity of the case is, that this Sheriff's sale is attacked, not

McILHENNY
v.
BARBIN.

by the defendant in execution, but by the plaintiff in execution, that is to say, by the party who originated and directed the legal proceedings complained of, and for whose benefit they were carried on. For the plaintiff stands in the shoes of the bank, his vendor. He has no other or greater rights than the bank, of which he is assign. And besides, it is proved by *O. N. Ogden, Esq.*, the attorney who filed the petition for the seizure and sale, that *Mr. McIlhenny*, the plaintiff, was the agent of the bank, especially charged with the collection of its country debts, and who employed the witness to institute the suit. He had, therefore, a particular knowledge of, and participation in, those proceedings, in addition to the privity of interest with the bank, which the law infers from his being the bank's vendee and assign. The plaintiff in execution, and consequently, one cognizant of the facts and claiming through him, is not, in our opinion, "*a person having an interest to annul* a forced alienation, for the want of those formalities required by law in such alienations"—to use the language of the court in *Gravier's Curator* v. *McDonogh,* 9 La., quoted by counsel of plaintiff in argument. On the contrary, his interest seems to be, to maintain the validity of the forced alienation made at his instance, and for his benefit.

Again, it is contended by plaintiff, that the Sheriff's sale was null, because the plaintiff in execution was already the owner of the thing seized and sold. Granting this to be true, the sale would not therefore be a nullity. A person cannot sell the property of another; but he may surely sell his own property in any manner that he sees fit, provided no law is violated, and no person is injured thereby. The evidence shows that the bank had purchased *Hanna's* title, (who was the vendee of *Ogden*,) at the sale of *Hanna's* assets in bankruptcy. *Hanna* was also the debtor of the bank by a bond, secured by special mortgage, on this same land; and the bank gave its claim on *Hanna* in payment of its bid at the bankrupt sale. This was in the year 1849; but the evidence shows that *Ogden* was in possession of this land, (probably with the consent of the bank,) five years after that bankrupt sale. Now, *Ogden* was still the debtor of the bank by act importing confession of judgment, with the clause *de non alienando,* and duly recorded. And if the legal adviser of the bank, and its agent for the collection of its country debts, thought an executory process preferable to a petitory action against *Ogden*, for the purpose of making available the property which was the security of *Ogden's* debt to the bank, all that can be said is, that the bank had chosen to sell, through the instrumentality of a Sheriff, and the machinery of a suit at law, what it might have sold directly by public or private act. No law was violated by such a proceeding, nor was any person injured. *Ogden* never has complained. Has the plaintiff any right to complain, who had no interest, actual or contingent, in the property at the time of the sale, and who only acquired an interest three years afterwards, by a purchase made with full cognizance of all the antecedent facts, and by a deed in which he expressly dispensed the bank with warranty of his title?

Plaintiff is without recourse against the bank, by the terms of his deed. He is also without recourse against *Barbin;* for he and *Barbin* derive title from the same author, the bank; and *Barbin's* title must prevail, because it is the elder.

Judgment affirmed, with costs.