## MIDDLETON v. GRISHMAN

(November 14, 1927. Opinion and Decree.)
(December 20, 1927. Rehearing Refused.)
(January 20, 1928. Writ of Certiorari and Review Denied by Supreme Court.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Pleading—Par. 23.**
A petition is sufficiently certain when it alleges the sale of merchandise and annexes an itemized statement showing the goods sold, the price, and the date of sale.

2. **Louisiana Digest — Pleading — Par. 63; Prescription—Par. 218, 219.**
It is not sufficient for a defendant to plead prescription, he must designate the particular prescription he relies on.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Albion L. Middleton against Ben Grishman.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Chas. J. Larkin, Jr., of New Orleans, attorney for plaintiff, appellee.

Marx & Levy, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.    This is a suit for insurance premiums.

The plaintiff alleged that he is a general insurance agent; that as such he wrote insurance for the defendant at various times from October 3rd, 1917, as shown on the itemized account annexed to the petition and accepted by defendant; that the premiums on said policies amounted to $7052.18, upon which defendant is entitled to a credit of $5060.35 for payments made on account and for credits on cancellations of policies, leaving a balance due of $1991.83, for which plaintiff claims judgment.

The itemized account begins on October 3rd, 1917, and ends on February 14th, 1923, and is composed of about 106 items, not one of which amounts to $500.

The credits begin on October 20th, 1917, and end of February 29th, 1924.

After some skirmishing in exceptions that the petition was vague and indefinite and disclosed neither right nor cause of action, which were overruled, the defendant answered:

I. That he is not indebted to defendant in any sum whatsoever; that the petitioner, Albion L. Middleton, never wrote any insurance for your respondent, Benjamin Grishman;

II. That the said Grishman was never requested to settle any bill for insurance policies written by the said Albion L. Middleton and that all of the said policies itemized and shown on statement attached to plaintiffs' petition are in the possession of defendant and each one bears receipt of "premium in full".

The defendant filed a supplemental answer pleading "that in the event this court should hold that premiums on poli-

cies listed by petitioner have not been paid, and that the policies were written by petitioner, Albion L. Middleton, that $947.98 of the amount sued for by plaintiff has prescribed and plaintiff can therefore not recover this amount".

There was judgment in favor of plaintiff as prayed for and defendant has appealed.

We are relieved of the necessity of passing upon their plea of prescription, inasmuch as defendant does not state what particular prescription he pleads. McIlhenny vs. Barbin, 15 La. Ann. 550; Bordelon vs. Doherty, 21 La. Ann. 395; Bordelon vs. Coco, 21 La. Ann. 671; Gaines vs. Succession of Del Campo, 3 La. Ann. 245; Aillot vs. Aubert, 20 La. Ann. 509; Johnson vs. Gennisson, 20 La. Ann. 511; Succession of Drysdale, 130 La. 167, 179, 57 So. 789.

On the merits the plaintiff testified that he was in the insurance business since 1914; that the amount claimed is correct; that the charges are for various premiums for policies issued to the defendant on stock and automobiles, personal accident and life insurance;. that the credits were allowed over a period of time, for cancellation of policies and for cash payments; that the defendant never paid for any particular policy but upon the open account; when the policies are first issued the defendant is supposed to remit to him; on renewals he paid to the companies.

Francis H. Hughes testified that he kept books for the defendant; that on those books was an account with the plaintiff which was carried as a liability of the defendant. At this point the witness pleaded a privileged knowledge and was excused by the court.

We know no such privilege. C. C. 2282, 2283.

The defendant testified that he had never refused to pay the account in full; that he never could get a true statement which he could check up; that he got the statement sued on about a year ago; he did not remember the policies in force except 17 which he has in his possession; he denied the correctness of the statement; plaintiff took away the expired policies; he cannot remember on what policies he recovered for losses; he recovered upon one policy some $900; and upon others also; he does not remember paying plaintiff the premiums on those policies; after receiving payment of the loss, plaintiff took back the policy; he has no check to show payment of any premium in any particular policy; he paid on account from time to time for the policies issued to him; the payments were not credited to any particular policy.

A petition is sufficiently certain when it alleges the sale of merchandise and annexes an itemized statement of the goods, the price and the date of sale. 118 La. 339.

The plaintiff annexed to his petition an itemized statement of the various policies written by him in favor of the defendant, giving the names of the companies which issued the policies, the dates and numbers of the policies and the amount of the premiums. A copy of that itemized statement had been furnished the defendant a year previously. If there had been any error in it, it would have been in the power of the defendant to detect and point it out in his answer. He did not deny a single item. Besides, his bookkeeper, Hughes, kept a record of those transactions in a special account. When this witness was pressed for testimony concerning this account, he refused to testify further, pleading privilege.

The defendant could have released the witness from this privilege. If he did not do it, the presumption is that the witness' testimony would have been against him.

The denial of defendant is general and for that reason vague, as it is not addressed to any particular item. When he received the itemized account sued on a year before, he did not deny its correctness.

When the plaintiff testified that the allegations of his petition are true and his claim correct, this creates a prima facie case in his favor, which throws the burden on defendant to disprove. 3 La. Dig. 128, S. 40-41.

We cannot see that the judgment herein is manifestly erroneous and it is therefore affirmed.