## RICE & HATHAWAY *v.* KENDALL, YOE & CO.—S. H. KENNEDY & CO., Intervenors.

A vendor who gives out his storage receipt to the purchaser for property stored in his own ware-
house loses thereby all possession in his own right, and becomes a mere bailee, holding in trust for
the real owner; and the sale of the property by the vendee, with an endorsement of the storage
receipt, will pass to the purchaser a complete title.

C. C. 3194, 3184, No. 7.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.
*Elmore & King,* for plaintiffs and appellants. *Goold & Stansbury,* for
defendants. *Wolfe & Singleton,* for intervenors.

SPOFFORD, J. *Walker* sold a lot of gunny bags to *Kendall, Yoe & Co.,* and
for the price took their negotiable notes at six months, which he afterwards
transferred to the plaintiffs, *Rice & Hathaway.*

At the time *Walker* sold the gunny bags to *Kendall, Yoe & Co.,* they were
stored in a warehouse kept by himself. The delivery was effected by giving
them his own storage receipt for the bags. *Kendall, Yoe & Co.* then sold the
same lot of bags to one *Kerchival* for cash, and *Kerchival* sold them on a
credit to the intervenors, *S. H. Kennedy & Co.* Both these sales were effected
through a broker, who caused a delivery to be made by handing *Walker's*
storage receipt to *S. H. Kennedy & Co.,* after it had been endorsed in blank by
*Kendall, Yoe & Co.* All this took place while the latter firm was in good
credit. On the 24th of April they were protested, and on the morning of the
25th. *Kennedy & Co.* presented the warehouse receipt to *Walker* and demand-
ed their gunny bags. He declined giving them up until he had consulted his
attorney, stating that he had heard of the failure of *Kendall, Yoe & Co.,* and
might make himself liable to the syndic or some one else.

Shortly afterwards the plaintiffs caused the bags to be sequestered, alleging
that they were the holders of the notes *Kendall, Yoe & Co.* had given to
*Walker* for the price, and as such were entitled to the vendor's privilege.
*Kennedy & Co.* intervened in the suit and claimed the bags as owners. They
had judgment recognizing their rights and the plaintiffs have appealed.

It would be fruitless to inquire whether holders of notes under these circumstances could be considered as subrogated to the original vendors' privilege.

It is clear that *Kendall, Yoe & Co.* had parted with all the possession they ever had, and the vendors lien vanished with the possession. C. C. 3194, 3184, No. 7. There were two distinct sales in good faith of the same property, one from *Kendall, Yoe & Co.* to *Kerchival,* and the other from *Kerchival* to the intervenors. There was a symbolical tradition of the property by the delivery of the storage receipt endorsed by *Kendall, Yoe & Co.* They no longer had any control over the gunny bags, having transferred their ownership, and the warehouse receipt which was the symbol of possession, to an innocent third person for a valuable consideration. After he gave out his storage receipt, *Walker* had no possession of the bags in his own right. He was a mere bailee, holding in trust for the real owner. His possession was the owner's possession. He had no interest in the bags, except to the amount of his storage account, and was bound to deliver them to the holder of his endorsed receipt, upon its presentation, and a tender of the storage bill. Before the plaintiff took any step to sequester the bags, the intervenors had presented that receipt to *Walker* and offered to pay the storage. He could not divest or impair the rights of the intervenors thus perfected against all the world, by refusing to deliver the bags to their rightful owners.

The Act "concerning pledges," approved February 12th, 1852, (Session Acts, p. 15) in its second section, recognizes a warehouse receipt as evidence both of title and possession; "the delivery of property on deposit in a warehouse, shall pass by the private assignment of the warehouse receipt, so as to authorize the owner to pledge such property." See also, *Wilkes & Fontaine* v. *Ferris,* 5 Johns. 343. *Gardner* v. *Howland,* 2 Pick. 599. *Chapman* v. *Searle,* 3 Pick. 38.

It is therefore, ordered and decreed that the judgment of the District Court be affirmed with costs.