Sun Mutual Insurance Company vs. Bynum et al.

No. 7659.

SUN MUTUAL INSURANCE COMPANY VS. TOM BYNUM ET AL.

Where a delay to a certain day in term-time has been granted to an appellant to file the transcript of appeal, and he omits to file it on or before that day, the appellee may have the appeal dismissed, even though it appear that the last day of the delay was a legal holiday, and that this court was consequently not in session.

APPEAL from the Second Judicial District Court, parish of St. Bernard. *Pardee, J.*

*B. R. Forman* for plaintiffs and appellees.

*James Lingan* and *T. A. Flanagan* for defendants and appellants.

———

James Lingan and T. A. Flanagan, for defendants and appellants, contended:

That where the expiration of the delay for filing the appeal falls at a time when the *court is not in session*, the appellant has till the first court-day to file his appeal. This was done in this case. The appellant was entitled to show cause before this court on the 27th, and obtain an extension, if proper cause was shown. But on the 27th this court was not in session, being Thanksgiving-Day, and appellant therefore was entitled to the whole of the next day, 28th, to file the record.

B. R. Forman, contra, cites :

Copley vs. Ruth, 3 A. 189 ; 8 L. 206.

Van Campe vs. Morris, 6 R. 79.

Pond vs. Horten, 7 L. 177.

Artieta vs. Gordon, Opinion Book 35, p. 3.

Pintada vs. Marais, Opinion Book 43, p. 3.

Christen vs. Flatow, No. 2399, Minute Book, 1868, No. 17, fo. 497, November 3, 1869.

Feltus vs. Blanchin, Opinion Book 44, p. 383.

State vs. Judge Fourth Court, 24 A. 233.

Bienvenue vs. Factors' and Traders' Insurance Company, 28 A. 901.

———

The opinion of the court was delivered by

DeBLANC, J. This appeal was, by an order of the lower court, made returnable on the 17th of November. That order was not complied with—and, on that day, we granted appellants—to file the transcript—an additional delay, which expired on the 27th of said month, a day of Thanksgiving.

The transcript was filed on the 28th, one day after the expiration of

Sun Mutual Insurance Company vs. Bynum et al.

the extended delay, and—on that account—appellees have moved to dismiss this appeal. To defeat their motion, appellants rely on our decision in "Louise L. Sarrat vs. Widow George L'Hote," not yet reported, and contend that—as this court was not *in session* on the 27th of November, they had until the whole of the next day to file the record.

Our decision does not sustain that position. We held that "when an extension is granted to a day *not in term-time,* the transcript may be filed on the first day of the next ensuing term—and, as here, *the term* of this court commences on the first Monday in November, and lasts until the end of May, and as it was *during* term-time that the delay was extended and expired, the appellants could have preserved their right by simply applying for a further extension. This they did not do, and as that omission can be imputed but to them, the motion to dismiss must prevail.

It is, therefore, ordered that this appeal be dismissed at appellants' costs.