Lacroix vs. Bonin.

No. 8079.

PAUL LACROIX VS. MARTIAL BONIN.

|      |     |
|------|-----|
| 33   | 119 |
| f122 | 954 |

An extension of time of thirty days being granted by this Court, to file the Transcript of Appeal, the Appellant on the day after the thirtieth day of the extension allowed, applied for additional time: *held* that the application is too late, and the Appeal should be dismissed.

*A. J. Ker* for the Appellant.

*Frank D. Chrétien* for the Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a rule on the clerk of this Court to show cause why he should not deliver the certificate provided by Art. 589, C. P., showing that the transcript of appeal herein was not filed. This rule was notified to the appellant, who answers "that he has employed all due diligence to have the transcript completed and filed; that the last day of the term should not be counted;" and he "prays that the rule be dismissed."

The appeal was returnable here on the first Monday of November last. On the fourth of November, which was the last of the three judicial days which followed the return day, the appellant, on a showing, obtained from this Court an extension of thirty days. That term expired on and with the fourth of December. The fifth was not a judicial day, but the sixth of December was.

It is on that day that the appellant moved for a further extension, and that the Court, under the impression that the application was *seasonably* made, granted an additional delay of *fifteen* days, which expired on the 20th of December.

It is on this last day that the present rule was taken. On the following day, the 21st, the appellant moved this Court for an additional extension of ten days, but the motion was taken under advisement, to be passed upon with the rule now before us.

It is clear that the extension granted on the sixth day of December was inadvertently allowed. The motion for it came too late. It should have been made on the *fourth* of December.

The rule that when an act is to be done within a given time it may be done afterwards, if nothing occur to prevent it, and that neither the day of serving the notice, nor that on which the act is to be done, are included, do not apply to this case.   C. P. 318; 12 R. 421; 8 L. 206; 6 R. 79; 10 R. 319; 9 A. 21; 10 A. 75, 147; 24 A. 126; 19 A. 122; 21 A. 210, 213, 20 A. 229, 18 A. 651; 28 A. 901.

There exists however an exception, when the last day on which the act to be done is a *dies non.* 24 A. 333. The first, second, third and

fourth of December, ult., were judicial days.   The last day was not a *dies non*.

The plaintiff in rule is entitled to the certificate claimed.

It is, therefore, ordered that the order allowing an extension of time to the appellant, made on the 6th of December, ult., be rescinded; that the motion filed on the 21st Dec. ult. for a further extension be refused; that the appeal herein be considered as dismissed, and that the clerk of this Court do issue to the appellee the certificate provided for by article 589 C. P., at appellant's costs.

Levy, J., absent.