No. 8849.

## SUCCESSION OF P. G. QUIN.

An order transferring a cause from the Supreme Court to a circuit court, on the representation of appellant and appellee, that the matter in dispute, or fund to be distributed, is less than $2000, will be rescinded where it is subsequently ascertained that it was based on an error of fact and that the amount involved clearly brings the case within the jurisdiction of the Supreme Court.

An appeal cannot be prosecuted and the case must be stricken from the docket, where the transcript of appeal or papers purporting to constitute such, have been filed *after* the expiration of an extension of the return day originally fixed.

*J. H. Muse* for Appellant.

*Ellis & Ellis* for Appellee.

#### MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   On February 14th ult., a motion was made by the appellant to transfer this case to the Circuit Court, holding session in the parish of St. Helena.

This motion was opposed by the appellees, who claimed that this Court should dismiss the appeal because there had been filed no transcript of appeal within the extended delay.

The motion to transfer was based on the ground that since the adoption of the constitutional amendment of Article 81, this Court had ceased to have jurisdiction over the matter in dispute, the fund proposed to be distributed being less than $2000.

This fact was not denied by the appellees, who were considered as admitting it.

In the absence of a transcript to verify the averment, this Court transferred the cause to the Circuit Court, without prejudice to the rights, if any, of the appellees.

That court, with the means of ascertaining whether the fund to be distributed exceeded or not $2000, arrived at the conclusion that the fund did exceed that amount, and declined to take jurisdiction over the matter transferring the same to this Court.

Here, both appellants and appellees now admit that the representation on which this Court acted was made in error of fact, and that the fund proposed to be distributed, in truth, exceeds the lower limit of its jurisdiction.

The order transferring the cause to the Circuit Court made on February 14th ult. is, therefore, rescinded and the cause reinstated.

State ex rel. Fontelieu.vs. Judge.

It is, therefore, before this Court on the motion to dismiss.

It appears that the appellant obtained an order of appeal returnable to this Court on the second Monday of February, 1883; that seasonably, viz: on the third judicial day (Thursday) he applied for and obtained an extension of time of the return day till the second Monday of February, of the following year (1884), and again, on the 23d of January of that year, he obtained another extension to the next term which opened on February 9, 1885, on which the transcript was not filed.

On the 12th following, however, he filed certain papers, purporting the one to be an account of the administration and the other reasons for judgment.

Those papers did not constitute a transcript of appeal.

Even had the appellant then filed such transcript, the same could not be considered as filed seasonably, for the double reason, that the appellant did not obtain, previous to the 9th of February, further time to file the transcript, and that he was not entitled thereafter to the usual three days of grace which follow the return day.

It is, therefore, ordered, that the case be stricken from the docket of this Court.