## No. 9415.

### ADAM BROTHERS VS. GOMILA & CO. ET AL.

In a suit on an attachment bond for damages alleged to be caused by the attachment, which had been dissolved, the plaintiff is not entitled to recover all the costs and expenses incurred in the suit, but only such as resulted directly from the writ. So the counsel fee for defending the suit on its merits cannot be charged against the plaintiff in attachment, but only a fee for services directed exclusively to procuring a dissolution of the writ.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Henry Denis* for Plaintiffs and Appellees.

*J. Ward Gurley, Jr.,* and *P. E. Théard & Sons* for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J.    This is a suit on an attachment bond to recover damages alleged to have been caused by the writ of attachment and charged to have illegally issued.

From a judgment in favor of plaintiff's for $1179.57, the defendants have appealed; and the plaintiffs ask in this Court an amendment to the judgment, increasing the amount awarded them by the lower court.

The plaintiffs were non-residents, and a ship belonging to them was seized under the writ named.    The writ issued and the seizure was made on the 23rd of October, 1882, and the property released on bond on the 26th same month and year.    There was no rule taken or motion made to dissolve the attachment, but an answer to the merits was filed, the case tried, and the demand of the plaintiff therein rejected.

The contention of the counsel for the obligors in the attachment bond, the defendants in the present suit, is, that only such damages can be allowed in this action as resulted directly from the attachment itself; and that all the expenses attending the defense of the previous' suit cannot be recovered, but only those relating exclusively to the

writ. Hence it is argued with respect to the counsel fees in defending said previous suit, that, inasmuch as the services therefor were rendered in defeating the demand on the merits and were not specially directed against the accompanying writ, they cannot form an element of damage in this action; and that this would apply to all like costs and expenses of the former suit.

After due examination of the authorities bearing on this point, we are of opinion that this proposition is correct. We have so recently held in the case of McDaniel vs. Gardner & Co., 34 Ann. 341, and Cretin vs. Levy, not yet reported, and these are supported by previous decisions. See 33 Ann. 6; 5 Ann. 714; 13 Ann. 440, 214.

It is to be noted that in the attachment case, though the defendants were brought into court by a *curator ad hoc*, they were represented in its defense by attorneys of their own selection, that issue was joined by an answer to the merits, and the services of the attorney were directed not against the attachment by motion or rule, but in resistance to the plaintiff's demand and to defeat a personal judgment against the defendants.

We are referred to the case of Frank & Co. vs. Chaffe & Sons, 34 Ann. 1203, as sustaining a contrary doctrine. The plaintiffs in that case had been decreed the owners of the property attached by Chaffe & Sons, as belonging to one Hyner, their debtor, and were allowed as damages the attorney's fees paid out in rescuing the property from the seizure under the attachment.

The only actual damages we can find as resulting directly from the attachment in this instance and the seizure under it, is the amount paid out as commissions for procuring a release bond, $275, and the fee of the attorney in effecting the release of the property and obtaining and preparing the bond necessary therefor—which we estimate at $50 —making in all $325.

Besides the actual damages claimed, there is a demand for exemplary or vindictive damages, the plaintiff in the attachment being charged with having procured said writ through malice and without probable cause.

Conceding that there is any authority under our system for the recovery of such damages, we find from attentive examination of the whole record that the evidence is not sufficient to sustain the charge. It does not appear that there was either malice or want of probable cause in the institution of the attachment proceedings.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended by reducing the amount thereof to $325, and as thus amended it be affirmed, appellees to pay costs of appeal.

## DISSENTING OPINION.

BERMUDEZ, C. J.   The bond on which this suit is brought was furnished in an attachment proceeding against non-residents, under which their property, a chartered vessel, was seized.

The seizure was released on the execution of the bond required by law.

The proceedings for the writ were regular on their face and no rule could be taken for the dissolution of the order.

The bond furnished by the defendants in the suit merely released the *seizure* of the vessel.   It did not dissolve the order on which the writ was issued, which continued in force until it was actually dissolved by the judgment on the merits.

Had the release bond proved insufficient and none other substituted, the attaching creditors could, without obtaining any new order, have had any other property of the absent debtors seized.

The bond furnished to obtain the release represented, if not the property itself, as a forthcoming or delivery bond does, at least the value of it.

The surety on such bond was responsible for the amount of the judgment, should any be rendered in favor of plaintiffs, up to the value of the vessel released.

The attachment not being dissolved by the bonding of the property, could not be dissolved otherwise than by a judgment on the merits of the case, as the proceedings were regular on their face and could not have been set aside by rule previous to final judgment.

In injunction cases, where the commission of the prohibited act would not work irreparable injury, the effect of the injunction may be suspended on giving bond, but the defendant is not on that account debarred from taking proper proceeding for dissolving the order for the writ on the face of the papers; or if this cannot be done, from doing so by trial of the merits.

The rule is the same in attachment cases.   13 Ann. 526, 550; 22 Ann. 146, 335; 21 Ann. 349.

The value of the services of counsel should therefore be fixed at what the services for defending the suit would be worth.   It is indifferent to the defendants that two counsel were not employed, one to dissolve the writ, another to resist the claim.

The authorities invoked by the defendant to resist the allowance of such fees, can have little or no bearing on the issue, as the rulings were made in cases in which the seizure, attachment, sequestration or

provisional seizure appears to have been set aside before trial on the merits.

Those relied on by the plaintiff for the recovery of the fees, appear to be in point and to entitle them to the same. Frank & Co. vs. Chaffe, 34 Ann. 1203; British Navigation Company vs. Sibley, 27 Ann. 191; White vs. Givens, 29 Ann. 572.

In Brandon vs. Allen & Co. 28 Ann. 60, in which the attachment executed on property of a non-resident, had not been dissolved on rule, the court, on a suit for damages on the bond furnished to obtain the writ, allowed the counsel fees, paid for defending the suit on its merits, saying of the defendant that his property had been illegally attached, that to get rid of the attachment he had to employ counsel; that the fee which his counsel earned, and which he was obliged to pay, was a damage to him. The court allowed the fee claimed which was $1800.