### No. 13,278.

### STATE OF LOUISIANA vs. W. H. MOORE, JR.

#### SYLLABUS.

1. An order, extending the time for the return day of an appeal, based upon the application of appellant and his averment that the return day of his appeal would expire on a *certain day,* is held to mean that the additional time begins to run from the date named in the application as the original return day, and not from the day the court reassembled after vacation.
2. A transcript filed after the expiration of the delay named in the extension order comes too late and the appeal will be dismissed.
3. Failure to file a transcript in time is not a mere informality, and a motion to dismiss on this ground not one of those which must be presented within three judicial days of the filing of the appeal.

APPEAL from the Tenth Judicial District, Parish of Avoyelles— Lafargue, J.

*Milton J. Cunningham,* Attorney General, and *Charles V. Porter,* District Attorney, for Plaintiff, Appellee.

*Adolph Vallery Coco* for Defendant, Appellant.

#### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

BLANCHARD, J. The accused was put upon trial for larceny and a verdict of "guilty as charged" returned against him.

From a sentence of two years' imprisonment at hard labor, he appeals.

State vs. Moore.

On October 13, 1899, he filed a motion in this court, averring that the return day of his appeal would expire on October 14th, that the clerk of the District Court had been unable to complete the transcript of the case because of the fact that the trial judge had not yet signed the several bills of exception reserved during the trial, and that further time was necessary. Whereupon it was prayed that an extension be allowed.

This prayer was granted and an order was entered extending the time for the filing of the appeal *twenty* days.

This order, based upon the application of the accused and his averment that the return day of his appeal would expire October 14, clearly meant an additional twenty days would be given him from the latter date in which to file the transcript—not twenty days from November 6th, 1899, the day the court reassembled for the Fall term. Chretien vs. Poincy, 33 La. Ann. 132; Bienvenu vs. Ins. Co., 28 La. Ann. 901, 902; 28 La. Ann. 790; Ins. Co. vs. Bynum, 32 La. Ann. 28.

The transcript was not filed until November 13th—*thirty* days after the date of the order granting the extension, and seven days after the commencement of this present term.

The bills of exception, for the signing of which the extension was asked and granted, were all signed of date October 20th, six days after the order of extension was made. But it was not until twenty-three or four days after the bills were signed that the transcript was filed.

The motion to dismiss the appeal is predicated on this delay.

It is well taken and must prevail. If appellant did not stand upon the twenty days' extension from October 14th, which he himself invoked, then he should have filed his appeal within three days from the date of the reassembling of the court for the Fall term. This he did not do.

The motion to dismiss is timely.

Dwight vs. McMillen, 4 La. Ann. 350; McDonogh vs. DeGruys, 10 La. Ann. 75.

The failure to file the transcript in time is not a mere informality, and the motion to dismiss on this ground not one of those which must be presented within three judicial days of the filing of the transcript.

Bienvenue vs. Ins. Co., 33 La. Ann. 210.

The motion is sustained and the appeal dismissed.