PROYOSTY, J.
An injunction sued out by plaintiffs to prevent the cutting of timber on lands that plaintiffs erroneously thought to be theirs was first set aside on bond, and then, after trial, dissolved. Defendant Eells, to whom the land belonged, claimed $2,500 damages; and defendant Tellotte, who was cutting the timber under contract with Eells, claimed $1,800 damages. The court disallowed damages, except $250 for attorney’s fees and $35 for traveling expenses incurred by Eells in going to see his lawyer and preparing for the defense.
The appeal is being prosecuted by the plaintiffs. Defendants have moved to dismiss, on the ground that the amount in dispute is, not shown to exceed $2,000. In the alternative, defendants pray for an increase of damages.
The motion to dismiss must be denied. True, the petition fails to put a value upon the land in dispute; but the evidence does, and that suffices.
On the merits the judgment must be affirmed. The counsel fees and expenses allowed as damages were those relating distinctly to the bonding of the injunction. Adam Bros. v. Gomila & Co. et al„ 37 La. Ann. 479; Succession of P. G. Quin, 37 La. Ann. 391; Gabriel Rawitzky v. Louisville & Nashville Railroad Co., 40 La. Ann. 47, 3 South. 387. On the other hand, the dismissal of the claim for damages as in case of nonsuit was clearly correct under the evidence.
Judgment affirmed.