O’NIELL, Chief Justice.
 

 The appellee has moved to dismiss this appeal on the ground that the transcript was not filed within the time allowed.
 

 In the order granting the appeal it was made returnable on September 19, 1946. On that day the attorneys for the appellants obtained from this court an extension of the return day to October 19, 1946. The attorneys filed with their motion for the extension a certificate of the clerk of the trial court certifying that the transcript had not been completed because of congestion of work in his office “and that an additional delay until the 19th day of October, 1946,” was necessary to enable him to complete the transcript. The order extending the return day was granted exactly as prepared and submitted by the attorneys for the appellants. It so happened that the 19th day of October 1946 was a Saturday. The transcript was not filed until the next Monday, October 21.
 

 The attorneys for the appellants, in their brief, contend that, as (under the provisions of Act 239 of 1942) Saturdays are half-holidays, they were not obliged to file the transcript on Saturday, October 19, or before the next legal day, Monday, October 21. There might be some merit in that argument if the court in extending the time in which to file the transcript had merely stated the number of days, weeks or months that were allowed, and if the last day of the extension of time had fallen on a holiday, or even on a half-holiday.
 
 *162
 
 The reason for that would be that the appellants in that case should have all of the last one of the number of days allowed for filing the transcript. But in this case the return day was extended to a given date, as requested by the appellants. The office of the clerk of the Supreme Court was open on that day — as it is on every Saturday— from 9 a. m. to 12 m.; which allowed ample time for the appellants to file the transcript on that day. It is not contended in the brief for the appellants that they were prevented from filing the transcript between the hours of 9 a. m. and 12 m. on October 19, or that they attempted to file it at any time on that day.
 

 The only argument in the brief for the appellants in opposition to the motion to dismiss the appeal is that, as the amount in contest is very large, it would be a great hardship for the court to dismiss the appeal on a ground which is only technical, ■ — particularly as the delay in the filing of the transcript, from Saturday, October 19, to Monday, October 21 — was a very short delay in comparison with the time which would elapse before this case could be heard on its merits if the transcript had been filed on or before October 19. Stated more specifically, the argument is that, as the law does not favor the dismissing of appeals on technical grounds, the court should allow the delay which occurred in this instance, the same as the 3 days of grace are allowed when a return day as fixed originally in an order of appeal has not been extended by an order of the appellate court. Our difficulty here is that when an appellee is entitled to have the ' appeal dismissed the court has no right to deprive him of that advantage. A court of justice cannot give to one of two opposing litigants more than he is entitled to under the law without giving to the other that much less than he is entitled to. The law on the subject is very plain. An appellant has 3 days of grace in which tO' file the transcript of appeal in the appellate court, beyond the return day fixed in the order of appeal, or in which to obtain from the appellate court an extension of the time allowed in the order of appeal. But, if he does not file the transcript on or before the return day or within the 3 days of grace but obtains an extension c-i the time allowed for the filing of the transcript, he is not entitled to 3 more days of grace at the expiration of the extension granted to him. The reason for that is that an order of the appellate court extending the time allowed by the trial court for filing a transcript of appeal is an extension of the 3 days of grace allowed by law; hence at the expiration of the extension the appellant is not entitled to 3 more days of grace.
 

 In the case of Landry v. T. Le Boeut & Sons et al., 153 La. 31, 95 So. 391, the facts and the ruling are stated thus:
 

 “The appellee has moved to dismiss this appeal because the transcript was not filed until the return day had expired. The
 
 *164
 
 appeal was made returnable on or before the 30th of May, 1922. On the 31st of May, 1922, the appellants obtained an order from this court, extending the return day to the 15th of June, 1922. The transcript was filed on the 16th of June, 1922.
 

 “It is well settled that the three days of grace allowed for the filing of a transcript of appeal, or for obtaining an extension or postponement of the return day, do not apply again when the return day has once been extended or postponed. Bienvenu v. Factors’ & Traders’ Insurance Co., 28 La.Ann. 901; Sun Mutual Insurance Co. v. Bynum, 32 La.Ann. 28; Wood & Roane v. Wood, 32 La.Ann. [801,] 804; Lacroix v. Bonin, 33 La.Ann. 119; Delaney v. A. Rochereau & Co., 34 La.Ann. [1123,] 1126, 44 Am.Rep. 456; Von Hoven v. Von Hoven, 43 La.Ann. [1170,] 1171, 10 So. 294; Archer v. Gonsoulin, 46 La.Ann. 141, 15 So. 49; Hudson v. Garrett, 47 La.Ann. [1534,] 1535, 18 So. 510; Metropolitan Bank v. Aarons-Mendelsohn Co., 50 La.Ann. [1047,] 1049, 24 So. 125; Succession of Theriot, 118 La. 648, 43 So. 265; J. S. Terry Construction Co. v. James K. Sutherlin Co., 145 La. 397, 82 So. 384.”
 

 To the list of cases cited in Landry v. T. Le Boeuf & Sons et al. may be added the following: Cane v. Caldwell & Kahn, 28 La.Ann. 790; Succession of Quin, 37 La. Ann. 391; Succession of Gast, 42 La.Ann. 91, 7 So. 68; Mutual Loan & Bldg. Ass’n v. First African Baptist Church, 48 La. Ann. 1458, 21 So. 24; Succession of Theriot, 118 La. 648, 43 So. 265; Brooks v. Smith, 118 La. 758, 43 So. 399; Cann v. Ruston State Bank, 155 La. 283, 99 So. 221; In re Gem Co., Inc., 161 La. 18, 108 So. 110; Dent v. Dent, 189 La. 888, 181 So. 435.
 

 In the case of Sun Mutual Insurance Co. v. Bynum, 32 La.Ann. 28, the court went so far as to hold that when an appellant has been granted a delay to a certain day in which to file the transcript of appeal, and omits to file it on or before that day, the appellee may have the appeal dismissed, even though the last day of the delay was a legal holiday. We need not and do not go that far in this case, where the last day of the extension' of time in which to file the transcript was not a holiday, but a Saturday, half-holiday. In fact we find it difficult to reconcile the ruling in Sun Mutual Insurance Co. v. Bynum with the ruling which had been made in State ex rel. Luling, v. Judge of the Fourth Judicial District Court, 24 La.Ann. 333, or with the ruling made subsequently in Metropolitan Bank v. Aarons-Mendelsohn Co., 50 La. Ann. 1047, 24 So. 125. In both of those cases it was held that where the extended return day for the filing of the transcript fell on a legal holiday the appellant was entitled to all of the next day in which to file the transcript. The distinction between those cases and the present case is that in the present case the day to which the time allowed for filing the transcript was extended was not a holiday but a half-holiday, and there was nothing to prevent the filing of the transcript on that day.
 

 The appeal is dismissed.