HAMLIN, Justice.
The above cases were consolidated in this court for hearing of motions to dismiss the appeals. The issues are identical, and, although separate decrees will be rendered, the reasoning of this opinion applies to both cases.
Judgments of the trial court, signed August 1, 1958, set aside Orders Nos. 7457 and 7460 of the Louisiana Public Service *59 Commission and empowered the Gulf, Mobile & Ohio Railroad Co. to close Angie Station as an Agency Station and The Texas and Pacific Railway Company to discontinue and close Morrows Station as an Agency Station. Orders of appeal in favor of the defendants, returnable to the Supreme Court on August 8, 1958, were entered. Extensions of sixty days from August 8, 1958, within which to file the transcripts of appeal, were granted by this Court on August 13, 1958. The transcripts were not filed by the defendants until October 8, 1958; whereupon, plaintiffs filed motions to dismiss the appeals in this Court, alleging that they had not been timely filed.
In briefs in support of motions to dismiss the appeals herein, Appellees urge that the words "of sixty (60) days from August 8th, 1958,” [1] mean that the sixty days from August 8, 1958 commenced August 9, 1958 and expired at midnight October 7, 1958 (Tuesday), which day was not a Sunday or a legal holiday and on which day the Office of the Clerk of the Supreme Court was open and the Court was in session; that the transcripts were not filed on October 7, 1958, but were filed on October 8, 1958, sixty-one days from August 8, 1958, and, therefore, were not filed within the time granted by the order extending the time to file or as provided by law.
Appellants have submitted the matter upon the record. No brief has been filed in their behalf.
The law applicable to the instant matters is found in Article 587 of the Louisiana Code of Practice and LSA-R.S. 13:4433, which provide:
“The appellant must return the said petition of appeal and the transcript of the proceedings into the court of appeal, on the return day thereof.” La. Code of Practice, Art. 587.
“Whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension, within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the clerk of court or of the trial judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervener, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss. Such appellant, before the date on which the motion to dismiss is fixed for trial, may cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied.” LSA-R.S. 13:4433,
We have presented for our determination (1) the proper method of computing the sixty day extension herein granted, and (2) the application of the provisions of LSA-R.S. 13:4433, supra, to the instant controversies.
Our analysis of appellees’ contentions that the words “of 60 days from August 8, 1958” mean that the sixty days from August 8, 1958 commenced August 9, 1958 and expired at midnight on Tuesday, October 7, 1958, is as follows:
Order granting extension “of 60 days from August 8, 1958”:
August 9th through August 31st, 1958 .23 days
September, 1958.30 days
October 1st through October 7th, 1958 . 7 days
Total .60 days
*60 Since the above analysis confirms plaintiffs’ argument that sixty days elapsed from August 8th through midnight October 7th, 1958, we have only to determine whether the proper dates were employed in the computation.
We have no doubt that August 9th was the first day to be counted. October 7th was the terminal day, and the jurisprudence is settled that such day is not excluded in computing delays allowed litigants.
In counting the days of a thirty day extension, this Court held, in Lacroix v. Bonin, 33 La.Ann. 119, that such time expired on December 4th, having been granted on November 4th (twenty-six days in November and four days in December). We held that an application filed on December 6th for a further extension came too late—December 5th not being a judicial day which could be counted under the law in effect at that time.
In the case of Keplinger v. Barrow, 132 La. 244, 61 So. 217 (cited with approval in State ex rel. Marcade v. City of New Orleans, 216 La. 587, 44 So.2d 305), this Court, in counting sixty days allowing for filing an appeal in the Supreme Court for which the order was signed on October 18, 1911, concluded that December 17th was the 60th day (13 days in October, 30 days in November, and 17 days in December) and that any grace period allowed appellant would commence the day following.
Tessier v. Jacobs, 164 La. 239, 113 So. 833, presented for consideration the computation of the 10 day delay allowed a defendant for answering a petition. Therein, we stated:
“Relator contends that, under Code Prac. arts. 180 and 318, the terminal day is excluded in the delay for answering, and he was, therefore, entitled to the whole of the next day (June 11, 1927) [citation was on May 30, 1927 and default was entered on June 10, 1927] for that purpose. * * * were the question an open one, we would unhesitatingly order up the case so that such an important matter of practice might be finally determined.
“But we find that the intent and meaning of the codal articles have been settled by the uniform and consistent decisions of this court for more than 50 years. All these decisions, without exception, sanction the practice which has been followed by the court below and complained of here. They hold that the delay for answering expires on the tenth day, if not a holiday, and, if it be a holiday on the following day, after service of the citation, and that a preliminary default may be timely entered on the next day. * * * ” See, also, Kelly, Weber & Co., Inc. v. F. D. Harvey & Co., Inc., 178 La. 266, 151 So. 201.
In view of the foregoing, we are bound to conclude that appellees are correct in their contention that the sixty days from August 8, 1958 commenced August 9, 1958- and expired at midnight on Tuesday, October 7, 1958, and that October 8, 1958 was sixty-one days from August 8, 1958. Boucher v. Division of Employment Security, Department of Labor of State of Louisiana, 235 La. 851, 106 So.2d 285. The transcripts herein were filed on October 8, 1958—one day after the return date—and, therefore, sixty days had expired and the filing was too late. Vicknair v. Vicknair, 211 La. 159, 29 So.2d 706.
LSA-R.S. 13:4433 allows three days of grace for filing a transcript under certain conditions. These conditions do not exist here. The period of grace applies only to the original return and not to extensions. In Dent v. Dent, 189 La. 888, 181 So. 435, we held:
“ * * * Although the law allows three days of grace for the filing of a transcript of appeal within the time allowed by the original order granting the appeal, the law does not allow addi *61 tional days of grace when the time is extended to a date fixed by an order of the appellate court. Hence, if the transcript is not filed in the appellate court on or before the date fixed by the order extending the return day, the appeal must be dismissed if the appellee demands its dismissial, even though the transcript was filed within three days after the expiration of the extension. [Citing authorities].” See, also, Vicknair v. Vicknair, 211 La. 159, 29 So.2d 706.
For the reasons assigned, the appeal in the case of Gulf, Mobile & Ohio Railroad Co. v. Louisiana Public Service Commission is dismissed.

. Extension of time granted by order of the Louisiana State Supreme Court.