REDMANN, Judge.
Defendant appeals[1] from a judgment for $240 on an oral contract for work on apartment lawns.
*560 The parties agree there was a contract for $60 for each of four apartment buildings. Plaintiff testified it was only for reseeding and fertilizing, while defendant testified that removing broken bricks and small concrete mounds and filling ruts was included. Plaintiff testified that there were no bricks or concrete mounds, and that he did provide some topsoil fill though not required by his agreement. Other testimony supporting or contradicting the above need not be detailed.
The trial court evidently found plaintiff a credible witness and accepted his testimony. From the record, we are simply unable to say this was error.
The judgment is affirmed.

. The author here notes his personal view that the passage of the return day for this appeal without lodging of the record obliges us to decide on our own motion whether this appeal should be dismissed. Despite the law’s prohibition against a court supplying a plea of res judicata, C.C.P. art. 927, we are obliged, Orrell v. Southern Farm Bur. Cas. Ins. Co., 248 La. 576, 180 So.2d 710 (1966), to supply the closely-related plea that, as recently reaffirmed, Wright v. Mark C. Smith & Sons, La., 283 So.2d 85 (1973), our “jurisdiction”, as C.C.P. art. 2088 describes it, does not “attach” unless an appeal bond is timely filed (in which ease the trial court’s “jurisdiction” is never divested?). The effect of not perfecting an appeal from a final judgment is that the judgment does become definitive, and have the force of res judicata; C.C.P. art. 1842; C.C. art. 3556(31). This is the only sense in which we lack “jurisdiction”, meaning authority to modify the now-definitive judgment. Our jurisdiction in the ordinary sense is fixed by Const, art. 7 § 29 and remains unaffected by statutes such as C.C.P. art. 2088. Thus untimeliness in any of the steps for appeal would appear, essentially, to result in the judgment becoming res judicata. As long as the appellee does not raise the issue, it would seem more consistent with C.C.P. art. 926, that we should ignore it.
However, following the views of Orrell, I feel obliged to note that the extension of return day was granted at a time when the return day had passed. The record was lodged before the extended return day. If the judgment appealed from has become definitive because the return day passed with neither lodging of record nor extension, appellant now has “no right to appeal”, C.C.P. art. 2162, and we may be obliged to dismiss this appeal.
Prior to the 1960 Code of Civil Procedure, failure to file the record timely created a “conclusive presumption” of abandonment, Love v. Department of Hwys., 234 La. 825, 101 So.2d 683 (1958), and was one of the procedural “defects which are jurisdictional and which do strike at the foundation of the right of appeal”, Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666, 668 (1957); a party’s motion to dismiss could be filed at any time rather than within three days, Collins Piano Co. Inc. v. Cospelich, 7 La.App. 277 (1927) (see also McDonogh v. DeGruys, 1855, 10 La.Ann. 75); and the court (even in the absence of a motion by a party) could not overlook this defect but was obliged on it own motion to dismiss the appeal, Gigand v. City of New Orleans, 52 La.Ann. 1259, 27 So. 794 (1900); see also Mix v. Hawkins, 115 La. 12, 38 So. 877 (1905).
Favrot v. Favrot, 252 La. 192, 210 So.2d 316, 317 (1968), denying as untimely within C.C.P. art. 2161 a motion to dismiss because the timely-lodged record did not contain a transcript of testimony (“an irregularity or defect” there imputable to appellant), repeats that appeals are favored, and “should be maintained unless a legal ground for dismissal is clearly shown.”
The return day for defendant’s timely appeal within ten days (C.C.P. art. 5002, R.S. 13:2561.10) from a July 19, 1972 judgment was Friday September 8. On the fourth calendar (and second judicial) day after that return date an order extending the return day to October 8 was signed. The record was lodged October 4.
Louisiana Power & L. Co. v. Lasseigne, 255 La. 579, 232 So.2d 278, 281 (1970), reasons that “After the expiration of the return date the trial court is divested of any jurisdiction to ‘extend’ a return day.” There, over two months passed after the tenth extended return day before the trial court attempted to extend it. Moreover, no consideration of R.S. 13 :- 4433 is expressed. It provides “whenever an appellant files * * * the transcript or a further [sic] application for an extension, within three judicial days after the return day, * * * a motion to dismiss his appeal is filed * * * [for] any of the above reasons, no appellate court shall maintain said motion to dismiss or dismiss the appeal * * * ” without allowing two days “to cure and correct” (sic) the irregularity. Although this three-day period of grace applies only to original return day and not to extensions, Gulf, Mobile & O. R. Co. v. Louisiana Pub. Serv. Com’n, 236 La. 687, 109 *560 So.2d 58 (1959), here (unlike Lasseigne) the extension was of the original return day and granted within three judicial days.
Thus the retroactive extension prevents dismissal of this appeal.