REDMANN, Judge.
Obliged by Orrell v. Southern Farm. Bur. Cas. Ins. Co., 1966, 248 La. 576, 180 So.2d 710, to notice lack of “jurisdiction”, C.C.P. art. 2088, resulting from untimely filing of an appeal bond (see also Wright v. Mark C. Smith & Sons, La.1973, 283 So.2d 85), we dismiss this appeal although we have already taken it under submission after briefing and oral argument.
From a judgment of June 28, 1973, notice of which was mailed to counsel July 2, plaintiffs moved for a devolutive appeal August 2. But the bond, filed October 18, was not filed within C.C.P. art. 2087’s period of 90 days from expiration of art. 1974’s three-day delay for applying for a new trial.
Plaintiffs were aware of this apparent untimeliness. Showing (a) non-receipt of the trial court clerk’s August 3 Notice advising counsel of the return date and of the amount fixed for the bond and (b) no opposition by defendants, plaintiffs obtained from the trial court on October 18 an Order authorizing the October 18 bond and decreeing it to “satisfy all requisites of the law as if security had been filed pursuant to receipt of notice of this court, had it been received.”
Although the trial court has the power to extend the return day for filing the record in the appellate court, C.C.P. art. 2125, the trial court does not have the authority to extend the period for furnishing security, as by signing a second order of appeal re-fixing bond after the appeal period has passed, Wulff v. Mayer, La.App. 1962, 144 So.2d 246, cert. denied.
The theoretical view has been expressed that the problem of an untimely appeal bond is not one of jurisdiction but of a now-definitive judgment constituting res judicata; see Palmer v. Trestman, La.App.1973, 282 So.2d 558, 559, n. 1. Defendant here shows he does not oppose plaintiffs’ appeal on the ground that the bond was late. If this ground were no more than a basis for a plea of res judica-ta, we would be prohibited from supplying such a plea by C.C.P. art. 927.
But Wright, supra, reasserts that untimeliness deprives us of “jurisdiction”. Therefore consent of opposing counsel cannot cure the defect, and the court must raise the question sua sponte.
The appeal is dismissed.