PALFREY *vs.* WINTER.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

PALFREY
*vs.*
WINTER.

8 205
114 1008

The transcript of the record may be filed within three judicial days after the return day.

Within the three judicial days of grace, the appellant may obtain further time, on showing cause. But, at the expiration of the three days, the appellee may obtain a certificate from the clerk, that the appeal has not been prosecuted, and have execution on the judgment below, or procure a dismissal of the appeal, on filing the transcript. He is not bound to answer after the expiration of the three days' grace.

The rule that, when an act is to be done within a given time, it may be done afterwards, if nothing occurs to prevent it, does not apply to the case of filing a transcript of the record on appeal.

This was an action of slander. The plaintiff had a verdict and judgment against the defendant, for five hundred dollars in damages, and the costs of suit; from which the latter appealed.

The appeal was granted on the 9th December, 1834, and made returnable on the third Monday of January following. The transcript of the record was filed in the clerk's office of the Supreme Court, on the 2d day of February, 1835.

*Diblieux,* for the plaintiff, moved to dismiss the appeal, on the following grounds :

1. That the transcript of the record was not filed in time, not having been returned into the court on the return day, nor within the three days following it.

2. The appeal is evidently taken for delay; and damages, as for a frivolous appeal, should be awarded.

*Winter,* in *propriâ personâ,* urged in excuse of the delay in bringing up the record, that he lived at a distance, and supposed it was returned in time.

2. The appeal is not taken for delay, but from the most honorable motives of the human heart, to promote truth and justice, and resist prejudice, falsehood and injustice : "let justice be done, though the heavens shall fall !"

*Bullard, J.*, delivered the opinion of the court.

The appellee moves the dismissal of the appeal in this case, on the ground that the transcript was not filed in this court on the return day, nor within the three judicial days afterwards. The appeal was made returnable on the third Monday of January, and the transcript was not filed until the second day of February.

The transcript of the record may be filed within three judicial days after the return day. It has been settled, by several decisions of this court, that a transcript may be filed within three judicial days after the return day. 5 *Martin, N. S.*, 191. 7 *La. Reports*, 350.

Within the three judicial days of grace, the appellant may obtain further time, on showing cause. On the expiration of the three days, the appellee has a right to a certificate from the clerk, that the appeal has not been prosecuted, and to proceed to the execution of the judgment below, or to procure the dismissal of the appeal, on filing a transcript. It appears to us, the appellee cannot be legally deprived of his right, by the act of the appellant, after the expiration of the three days, without permission of the court. It is true, the Code requires that the appellee who wishes to move for a dismissal of the appeal, in such cases, should bring up the transcript. In this case, the transcript is already before us. The appellee was cited to appear in this court on the third Monday of January, and the record was not brought here until the commencement of the succeeding term, without any application to the court for further time, or any cause shown ; and we are of opinion that the appellee is not bound to answer.

In the case of *Griffith et al.* vs. *Minor,* 7 *Louisiana Reports,* 350, it was intimated, though not decided, with reference to filing an appeal, that as a general rule, when an act is to be done within a given time, as the filing an answer and the like, it may be done afterwards, if nothing occurs to prevent

*Side notes:*

Within the three judicial days of grace, the appellant may obtain further time, on showing cause. But at the expiration of the three days, the appellee may obtain a certificate from the clerk, that the appeal has not been prosecuted, and have execution on the judgment below, or procure a dismissal of the appeal, on filing the transcript. He is not bound to answer after the expiration of the three days grace.

The rule that when an act is to be done within a given time, it may be done afterwards, if nothing occurs to prevent it, does not apply to the case of filing a transcript of the record on appeal.

it. We are now satisfied that the rule does not apply to the bringing up of a transcript of appeal.

It is, therefore, ordered, that the appeal be dismissed, at at the cost of the appellant.