MACARTY
*v.*
MANDEVILLE.

---

## Ducournau et al. *v.* Levistones.

Where, through the neglect of an attorney, the record of appeal is not filed, nor any application for further time made, within three judicial days after the return day, the party cannot be relieved. The statute of 20 March, 1839, s. 19, was intended to relieve appellants, in certain cases, from the neglect of persons not in law representing them, such as clerks and sheriffs; but the fault of the attorney must be deemed to be the fault of the client.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Buisson*, for the plaintiffs. *Collens*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The appeal in this case was returnable on the fourth monday of January, 1848. The transcript not being seasonably filed, the clerk of this court, after the expiration of the legal delay, gave the usual certificate of non-filing as authorized by the 589th article of the Code of Practice, and, on its production in the court below, execution was awarded on the judgment. The appellant now asks a rule to show cause why an injunction should not be granted to suspend the execution and be relieved from the omission to file the transcript, upon the ground, as exhibited by his affidavit, that his attorney and counsel, who was charged with the appeal, died suddenly on the 7th January last; that, after the appellant had obtained, through said attorney, an order of appeal and had given bond, he made enquiry of his attorney to know if he had brought up the record of appeal, and was answered by his said counsel in the affirmative, saying it was all right and safe; that some days after the attorney's death, he employed another attorney to argue the cause before this court, at the same time informing him, in accordance with the statements of the former attorney, that the transcript had been filed: that upon the said attorney's application to the clerk of this court, on the 2d February last, the appellant learned for the first time the omission to file the transcript.

The attorney being dead, we have no means of knowing whether he was misunderstood by his client or not; we must therefore take the case to be as stated by the client, that is to say, that the attorney told him the transcript had been filed. The omission then to file, is attributable to the fault of the attorney in making an erroneous statement to the client.

The question then is, whether, conceding the power of this court to grant relief when the three judicial days after the return day have expired without an application for further time, upon which point we express no opinion, we can

DUCOURNAU
v.
LEVISTONES.

relieve a party from the effects of an omission attributable to the fault of his attorney?

We are of opinion that we cannot give such relief. The precedent would be dangerous, and would tend to throw the business of this court into extreme confusion. The statute of 1839 contemplates the relief of an appellant in certain cases from the negligence of persons not in law representing him, such as clerks and sheriffs. When a client has entrusted his appeal to his attorney, and the attorney fails in his duty, the consequences of such failure cannot be visited upon the appellee. The fault of the attorney must be deemed the fault of the client.                                   *Rule refused.*