*JUDSON & Co.*
*v.*
*HOLMES ET AL.*

---

B. F. FRENCH et al., Commissioners, &c. and T. O. STARKE, Receiver, &c. *v.* CHARLES HARROD et al.

The transcript not having been filed within the legal delay, and the appellants having failed to show that they were prevented from doing so by circumstances beyond their control—appeal dismissed.

The rule, that where an act is to be done within a given time, it may be done afterwards, if nothing occurs to prevent, does not apply to a case where the transcript of the record has not been filed in the Supreme Court within three judicial days after the return thereof.

|  |  |
|---|---|
| 9 | 21 |
| 52 | 1637 |
| 9 | 21 |
| 114 | 1008 |
| 9 | 21 |
| 1 15 | 13 |

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.—*Elmore & King*, and *P. E. Bonford*, for plaintiff and appellant. *Grymes*, and *H. H. Strawbridge*, for defendants.

VOORHIES, J. The defendants have moved for the dismissal of the appeal in this case, on the ground that the transcript was not filed in this Court on the return day, to-wit, the 28th of June, 1852, nor within three judicial days thereafter.

It appears that the transcript was filed on the 5th of November, 1852, and that, in the interval, the Court was in session on the 28th, 29th, and 30th of June; on the 1st, 2d, and 3d of July, and on the 3d, 4th, and 5th of November, the day on which the transcript was filed.

Granting the appellants the benefit of any doubt which might have existed in their minds as to the constitutionality of the session held in July, still four entire judicial days had already elapsed when they filed the transcript in this Court.

But it is urged by the appellants' counsel, that we should, in the exercise of our discretionary power, refuse the dismissal of the appeal, because the appellees have incurred no inconvenience or injury from the delay, and rely on the case of *Smith* v. *Foster*, 5 An. 551. In that case, the extension of time granted by the Supreme Court to the appellant to file the transcript had expired during the vacation of the Court, but it was filed on the first day of the ensuing term. But here the transcript was filed the 3d day *after* the commencement of the term. The facts stated in the affidavit submitted to our consideration by the appellants' counsel, do not show that the appellants were prevented by circumstances beyond their control, from filing the transcript within the delay prescribed by law, so as to entitle them to relief at our hands. We adopt the rule laid down in the cases of *Palfry* v. *Winter*, 8 La. 206, and *Vancampen* v. *Morris*, 6 R. 79, as a correct exposition of articles 587 and 589 of the Code of Practice.

It is therefore ordered, adjudged and decreed, that the appeal be dismissed at the appellants' cost.