State ex rel. Magloire v. Barbin, Sheriff; and Magloire v. Barbin.

No. 4778.

STATE, ex rel. PIERRE MAGLOIRE, *v.* A. L. BARBIN, Sheriff; and
PIERRE MAGLOIRE *v.* A. L. BARBIN.

25 667
123 341

The delays for filing an appeal only run when this Court is sitting.
It is the duty of the appellant to see that the record contains all the evidence on which the
case was tried. If he neglect so to do, the Court is without means of reviewing the case,
and the appeal will be dismissed.

APPEAL from the Seventh Judicial District Court, parish of Avoy-
elles. *Hewes,* J. *Olivier Provosty,* District Attorney, for relator
and appellee. *Ducote,* for the same. *Irion & Thorpe,* for defendant
and appellant.

MORGAN, J. This is a contest for office. There was judgment in
favor of plaintiff, and the defendant appealed.

Appellee moves to dismiss the appeal upon several grounds:

*First*—The transcript or record was not filed within the time required
by law, ten days. Section 13 of the act of 1866, page 154, provides
that, " In all cases in which the right to office is involved, and an
appeal is taken from the judgment of the district court, returnable
before the Supreme Court holding its sessions in New Orleans, it shall
be returnable in ' ten days after the judgment of the lower court; and
the Supreme Court, on motion of either party, shall proceed to try the
same by preference."

The judgment appealed from was signed on the eleventh of August,
1873. An appeal was allowed returnable to this court in ten days.
The transcript was not filed until the third of September.

The transcript was filed in time. This Court was not in session
when the appeal was made returnable. The delays only run when we
are sitting. The authority relied on in 21 Annual, page 174, does not
apply, the delays having expired while the Court was open.

*Second*—Because the transcript filed by appellant is not complete :
it not containing all the evidence offered on the trial of the cause below.

In his answer, the defendant avers that he was duly elected sheriff
of the parish of Avoyelles, and a commission issued to him as such,
without reciting by whom the commission issued. On the trial, the
defendant offered the commission in evidence. We can not find it in
the record.

In Harris *v.* Hays, 8 An. 433, it was held that, " It is the duty of
the appellant to see that the record contains all the evidence on which
the case was tried. If he neglect so to do, the Court is without means
of reviewing the case, and the appeal will be dismissed."

In Hall *v.* Beggs, 17 An. 130, it was held that, " Where documents
offered in evidence below are not to be found in the record, the appeal
will be dismissed." The same rule has been observed in 11 An. 72 ;
16 An. 40 ; 18 An. 232.

In accordance with these authorities, the appeal is dismissed.