## No. 1105.

### JOHN CHAFFE & SONS vs. MARGARET E. MCINTOSH ET AL.

When the Supreme Court was not in session on the return day for appeals nor for several days thereafter, in consequence of the inability of the judges to reach the seat of the court, and the court was opened by the clerk and adjourned from day to day, an appeal filed on the day the court first sits will be in time.

Where a community of acquets exists between husband and wife, and the husband cultivates a plantation that belongs to the wife, the debts incurred by such cultivation are the husband's and cannot be enforced against the wife's property.

Even though the wife has signed lien contracts in favour of a factor for supplies and advances, if the fact be that she has not the administration of her separate property, but the husband does administer it as head of the community, he alone is responsible for the supplies and advances.

And if the debt that is contracted is put in the form of a note which is signed by the husband and wife, she will not be bound thereby.

APPEAL from the Fifth District Court, Parish of Richland. *Richardson*, J.

*Wells & Williams* for Plaintiffs and Appellees.

*Potts & Hudson* for Defendants and Appellants.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. The motion for dismissal is based on the alleged failure to file the transcript in time. The return day is Monday, June 2d. The court was not in session on that day, nor until Saturday the 7th.—this last being the earliest day the Judges could reach Monroe after holding court at New Orleans on the last day of May, as they are required to do by the Constitution. The court had been opened on the 2d. by the clerk, and was adjourned from day to day until the 7th., when we arrived and sat, and on that day the transcript was filed. It is in time.

The sole provision for this contingency is in an Act of 1870, whereby it is permitted to an appellant, if this Court is not in session on the day fixed for the return of any case, to file his record within three judicial days at the first session of the Supreme Court thereafter. Acts 1870, p. 100. Literally this merely permits him to bring his appeal up to the next term, which in this case would be next summer, but obviously the meaning and intent was also to permit the filing of the record within three judicial days after the Court shall be in session at that term, and thus construed, this appeal is saved.

The motion is refused.

## ON THE MERITS.

Margaret McIntosh owned three plantations, having inherited them. Her husband cultivated one of them upon which they lived. He let the others. The community of acquets existed between them, and he managed and controlled the property in the usual way in which husbands do. The Chaffes were the commission merchants or factors, through or from whom advances and supplies were obtained. In process of time a debt was created which amounted on May 16, 1877 to three thousand and eighty-six $\frac{63}{100}$ dollars, and for it three notes were executed by the husband and wife, the notes each reading "I promise to

pay," and being signed by the husband and underneath his signature is that of his wife.

This suit is upon those notes and judgment is asked against each of them for the full amount.

Mrs. McIntosh denies liability. Her husband alleges that the sum claimed is in excess of his real indebtedness under any circumstances, and recites sundry shipments of produce, payments, excessive charges, etc. which not only wipe out the debt sued on, but turn the balance in his favour, and for such balance he reconvenes. His defence may be dismissed with the observation that all the transactions set out by him took place before they were closed by the execution of the notes, and that it is too late for him to reopen business, all the details of which were as well known to him then as now, and to make a statement of accounts from his standpoint which he could have done before signing the notes, if there was error in the statement presented to him by the plaintiffs. It is not pretended there was fraud or deceit practiced on him. There were charges that he willingly submitted to then, and he cannot get relief against them now. The judgment against him was for the full amount of the notes.

The wife's defence prevailed and properly. It is settled law that the debts contracted during the marriage, when community exists, are the debts of the husband alone. Mr. McIntosh owned no property at the time of his marriage. The fruits and revenues of his wife's property belonged to the community, of which he was the head and master, and the debts incurred in producing those revenues are the debts of him who has the power and the right to dispose of the revenues. Fluke v. Martin, 26 Ann. 279; Van Wickle v. Violet, 30 Ann. 1106; Smith v. White, 32 Ann. 1033.

It is a matter of no consequence how the plaintiffs kept their accounts —whether the name of Mrs. McIntosh was at the head of their ledger or of her husband or both. Her liability is in no manner affected by the circumstance that, while dealing with her husband, they chose to make the semblance of dealing with her. But in fact the accounts were kept in his name alone until trouble loomed, when a change was made. The attempt to bind her by procuring her signature to the notes is equally futile. As the debt was the husband's, she could not assume it and her signature was nothing worth. Graham v. Thayer, 29 Ann. 75; Hall v. Wyche, 31 Ann. 734.

No portion of the debt sued on is for permanent improvements on the plantations, and no part thereof enured to the benefit of the wife sepa-

Chaffe & Sons vs. McIntosh.

rately or of her separate property. The debt was created in the ordinary routine of plantation cultivation, and comprises nothing but advances and supplies, and the various and numerous charges with which such accounts are usually swelled, which however illegal in the outset were condoned by Mr. McIntosh when he voluntarily and knowingly submitted to them by executing his note for the sum total including them.

The fact that Mrs. McIntosh signed the lien contracts for supplies does not make the cultivation of the plantation a business of hers. By signing those contracts she was simply interfering needlessly and superfluously with her husband's business, and her act does not change her legal status. Her immunity from legal obligation is the result and consequence of certain legal principles which our law and jurisprudence have formulated for the regulation of the business relations of spouses to each other and to the outside world, and when the plaintiffs dealt with them or either of them without advising themselves of the safeguards that the law throws around the wife and of the obligations it imposes upon the husband, when a community of property exists between them, they have themselves only to blame for stepping into pitfalls that have all along been pointed out by successive decisions of this Court.

Judgment affirmed.