Holz vs. Fishel et al.

---

### No. 10,114.

#### JOSEPH HOLZ vs LOUIS FISHEL ET AL.

#### EDWARD C. PALMER vs. THOMAS DUFFY, SHERIFF, ET AL.

#### (Consolidated.)

An order granting to an appellant additional delay for filing his transcript after the return day, inadvertently, in contravention of the rule of the Code of Practice (Art, 883), will be rescinded by the Supreme Court on its own motion, and cannot save the appeal.

Such an order, obtained on the fourth judicial day after the return day, is an absolute nullity. In making motions for extension of the return day, appellants must be careful to be within the plain requisites of the law, or else they will eventually be deprived of any relief granted inadvertently.

A proceeding filed by the appellant in the appellate tribunal on the last day of grace, stating the cause not under his control by which he was prevented from filing his transcript in time, but which contains no prayer for an extension, cannot avail him.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

---

*Singleton, Browne & Choate* for the Appellees.

*F. Michinard* for the Appellants.

Holz vs. Fishel et al.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. The ground of the motion is that the transcript was filed too late.

The appeal was returnable on the 16th of January last, and the transcript was not filed before the 15th of February following; But appellant relies on an order of this Court, rendered on January 20th, extending the return day, thirty days from that date.

Appellee makes the point that the application for delay was itself made too late, and that the order granted thereon was inadvertently and wrongfully issued.

From the minutes, it appears that this Court was in session on the 16th, 17th, 18th and 19th of January, and thence it is clear that under the provisions of Article 883 of the Code of Practice, the application for an extension of the return day should have been made at the latest on the 19th.

But in answer to that position, appellant contends that he is protected by certain proceedings which he filed in this Court on that day.

In those proceedings he alleged that the clerk of the lower court had failed, when called upon, to deliver to him a transcript of appeal in the case, or to furnish him with a certificate of the reasons which had prevented him from completing the transcript. Whereupon he prayed for writs of *certiorari* and *mandamus* on the clerk for relief in connection with the transcript, or for the required certificate, and for a writ of prohibition, intended to restrain the execution of the judgment during the pendency of his proceedings.

For reasons unnecessary to mention here, his counsel concluded not to press his proceedings for the writs above stated, and on the next day he filed his motion for delay, accompanied by a proper certificate from the clerk of the lower court. In his proceedings, filed on the 19th of January, appellant's counsel did not pray for an extension of the return day, and such an application was not made before the following day, the 20th of January.

The question presented for discussion is, therefore, to determine whether the proceedings filed by appellant on the 19th of January can avail him to save his appeal under the provisions of Article 883 of the Code of Practice.

The rule is as follows : " If the appellant has not filed in the Supreme Court, on the day appointed by the inferior judge, the record from the court below, and was *prevented from doing so by any event*

not under his control, he may, either in person or by attorney, apply to the court, before the expiration of three days, * * * and demand a further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction,"

This is a rule of law from which the Court cannot depart, and by which it is stripped of all discretion in the premises. No other showing can be made, and no other proceeding can be invoked to follow the path thus clearly indicated.

Hence this Court has uniformly enforced the rule according to its plain and unambiguous import and meaning. Vancampen vs. Morris, 6 Rob. 79; Brickell et al vs. Conner et al, 10 Ann. 235; Farmers, etc., vs. Strawbridge, 24 Ann. 126; Redmond vs. Mann, 23 Ann. 373.

In the case of Rhea vs. Steamer Simonds, 15 Ann. 712, the transcript was filed on the fourth judicial day after the return day, and that was held too late, and the appeal was dismissed.

This is precisely the case here, as to the application for delay, and hence this appeal must share the same fate, unless it be saved by the proceedings of January the 19th.

As herein above stated, those proceedings did not contain a prayer for, and were therefore not followed by, an order of extension of the return day, and hence they must be held as nought under the requirements of the rule as established by the Code and as construed in our jurisprudence.

Section 3 of Rule 3 of this Court reads: "Motions for extension of time to file the transcripts must be supported by affidavit of the clerk of the lower court, or of counsel, or of the mover."

Hence it follows that the certificate of the clerk, which the latter was alleged to have refused him, was not the exclusive support which appellant needed for an application for delay.

By means of his proceedings, appellant informed the court of the cause, not under his control, by which he had been prevented from bringing up his appeal in time, but he failed, or omitted to pray for the only relief which could avail him under the provisions of the Code. Under the plain requirements of the rule, and in keeping with judicial construction of the same, it is clear that even the order of this Court granting the writs prayed for could not have been construed as a prayer for and an extension of time.

A similar conclusion would follow, if the prayer of appellant, that his affidavit and his motion predicated thereon, be taken in lieu of the transcript, had been granted. Nothing but an extension of time can be substitued for the transcript.

A similar excuse was made by the appellant in the case of DeBouchel vs. Husband, 34 Ann. 102, in which an application for an extension of time had been made and an order therefor obtained, after the expiration of the three days of grace. His excuse was that the District Judge had, by an *ex parte* order, illegally dismissed his appeal, which he had succeeded to re-establish only after the expiration of the three judicial days. The excuse was undoubtedly more weighty than the reasons relied upon by appellant in this case, but in obedience to the strict mandate of the law the court said:

"The appellant was in fault, and he must bear the consequences."

"Whatever has been the action of the District Court, it was the duty of the appellant to have procured the transcript required by law, if possible, and to have seasonably filed it in this Court; or, he should, at least before the expiration of the delay, within which he should have filed the transcript, have made a proper showing here, for an extension of time to bring up the transcript. He has done neither," and the appeal was dismissed. Lacroix vs. Bonin, 33 Ann. 119.

In the case of Pierce vs. Cushing, 33 Ann. 401, the appellant urged that by reason of the voluminous record he had been prevented from having it completed in time, the court answered: "This cannot justify the filing of the record beyond the delays and extensions prescribed therefor. There was a special remedy provided by law for cases of appeals attended with such difficulties, of which the appellant twice or thrice availed himself, and could have done so again by proper application."

By presenting to this Court, on January 20, his formal motion for an extension of thirty days, supported by the required certificate, appellant tacitly admitted, as it is otherwise shown, that his proceedings of the day previous were not intended by himself as an application for additional delay to file his transcript. It is, therefore, inevitable to conclude that he has entirely mistaken his remedy, that the application of January 20 came too late, and that the order for an extension granted thereon must be considered as rescinded, and as null and void. "The court can grant no valid order in contravention of law, and when surprised, as in this case. into an error, * * * will rescind its own orders without special motion to that effect. In making such motions, attorneys must be careful to be within "the plain requisites of the law, or else they will eventually be deprived of any relief which may be granted inadvertently." Chrétien vs. Poincy, 33 Ann. 131 ; Succession of Kuntz, 33 Ann. 30; Exposition vs. Railroad Company, 38 Ann. 905.

"It is true that an appellate tribunal will always and firmly protect the constitutional right of appeal, but, on the other hand, the court must not lose sight of the legal rights acquired by an appellee through the omission or neglect of his opponent."

Such is the condition of things presented here, and such must be the result.

This appeal is, therefore, dismissed at appellant's costs.

### DISSENTING OPINION.

FENNER, J.   Holz having taken a suspensive appeal from the judgments in these cases returnable to this Court, appeared here on the last day allowed for return, after this Court had adjourned, and filed an affidavit setting forth the refusal of the clerk of the court to complete the record of the appeal or to give him a certificate showing its non-completion, and with said affidavit filed the following motion : "On motion of F. Michinard, of counsel for Holz, etc., and the accompanying affidavit considered, it is ordered that this motion and affidavit be filed in lieu of the ordinary record, and that said appellant do, without delay, apply for the proper writs to obtain the record required by law."

This motion was not acted on, owing to the court's not being in session, but it is not thereby deprived of any effect to which it is entitled so far as timeliness of action is concerned.

At the same time he filed an application here for writs of mandamus, certiorari and prohibition against the clerk of the lower court, designed to perfect his appeal.

This petition was handed to the Chief Justice, but no order was made thereon and it was withdrawn.

On the following day Holz filed in this Court the certificate and affidavit of the clerk, and applied for and obtained an order extending the return day for thirty days.

Without the previous proceedings above noted, the last named application and order would have come too late and would have had no effect.

But I am compelled to regard the first motion and affidavit timely filed, as substantially an application for an extension until, by proper writs to be invoked " without delay," he could obtain the record. They could have had no other possible motive or purpose, and I consider them a substantial compliance with our rule.

In such matters we should not stick in the letter, but seek the spirit and meaning of the application.

Our rule is in the following terms : "Motions for extension of time to file transcripts must be supported by affidavit of the clerk of the lower court, *or of the counsel,* or of the mover. Such affidavit must state specifically the causes which prevented the completion of the transcript within the legal delay."

Now, here an affidavit was filed stating very specifically the causes of the non-filing, and it was accompanied by a motion, the meaning and purpose of which could be no other than to ask an extension of time. We have frequently held that the timely filing of such a motion, though made when the court is not in session, and, therefore, not acted on, suffices to protect the rights of the party. I think the appellant stood under such protection, and that our regular order of the following day was lawful and valid.

I, therefore, dissent from the opinion and decree herein.