On Application for Writ of Mandamus.
The opinion of the court was delivered by
McEnery, J.
This is an application for a mandamus in the exercise of the supervisory jurisdiction of this court to compel the respondent judges to allow an application for a rehearing, to be filed incase of Epstein, Rosenberg & Co. vs. I. H. Davis, and other eases, against the relator. The cases were decided July 12, 1895, and the Circuit Court of Appeals adjourned July 13, 1895. The next regular term of the court convened February 10, 1896, and on the 11th the relator filed an application for a rehearing. The court declined to consider it on the ground that the application was filed too late.
The only question presented is whether the relator was entitled to three judicial days in which to file his application. A judicial day is distinguished from a legal day in this, the former- means a day in which the court is in session, and the legal day is one in which legal and judicial business can be iransacted, as distinguished from dies non.
The Court of Appeals was in error in confounding the jndiciai and legal day.
The Court of Appeals was established by the Constitution of 1879.
Prior to the establishment of the court, Act No. 18 of 1879 was passed, making judgments rendered by the Supreme Court final after six judicial days in the city of New Orleans, and three judicial days in the country parishes where sessions were held.
Article 103 of the Constitution of 1879 provides that the rules of practice regulating appeals to and proceedings in the Supreme Court, shall apply to appeals and proceedings in the Court of Appeals, so far as they may be applicable, until otherwise provided by law.
It was the practice in this court, when this article was enacted, to allow three judicial days within which applicants for rehearings at the country terms could file their applications. It was a legal right *1081 conferred by law. Under tbe above article of the Constitution, ifc became a rule of practice, a legal right conferred on all litigants in the Court of Appeals. It is urged that the abolishment of the-country terms of the Supreme Court destroyed the practice of allowing three judicial days for applications for rehearings, and as it no longer exists as a rule of practice in the Supreme Court, the rule is also abolished as to the Court of Appeals. There is no force in this reasoning. The terms of the Court of Appeals were not abolished. It was an existing right when the Court of Appeals was established, and it can only be destroyed by legislative enactment changing the practice in that court.
The relief prayed for is granted and the mandamus made peremptory.