The opinion of the court was delivered by
Monroe, J.
Upon June 13, 1899, plaintiff was allowed “a devolutive or suspensive appeal, in the alternative,” upon furnishing bond in the sum of $150.00, and the appeal was made returnable “according to law.” The transcript was filed in this court, December 30, 1899, and a motion was made January 2, following, to dismiss the appeal, on the ground that the delay of such filing had expired. The return days for appeals from the Parish of Lafayette are the fourth Mondays in March and *1921 November (Act 69 of 1894). The transcript should, therefore, have been filed upon the fourth Monday in November, 1899. And not having been so filed, and no extension of time having been applied for, or granted, the motion to dismiss must prevail. C. P. 883; Coudroy et als. vs. Pecot et als., 51st Ann., 495; State vs. Debenture Co., 52 Ann. (not yet reported).
Counsel for the appellant suggest, in their brief, that the appeal is good as a devolutive appeal, if filed within a year. We think that the learned counsel misapprehend the authorities upon which they rely in support of this proposition, and which hold that, in the event of the dismissal of a suspensive appeal, the appellant may obtain a devolutive appeal, if applied for within the year. Verges vs. Gonzales, Sheriff et al., 33 Ann., 410; Cremoni vs. Mayor, 35th Ann., 1108. In the instant case, there has been but one order allowing an appeal, and that order allowed but one appeal “a devolutive or suspensive appeal, in the alternative." Assuming that the appellant elected to perfect the suspensive appeal, it was that appeal which should have been filed in this court on the fourth Monday in November, 1899, and it is that appeal alone, with which we have to deal. What his rights may be with respect^ to some other appeal, for which he may, or may not, apply, is a question which is not now before us.
The appeal is dismissed.
Rehearing refused.