BREAUX, C. J.
This rule taken by the tax collector was to compel the defendant to pay a license tax levied by the police jury. The rule was tried, and on the 25th day of .June, 1904, the judge of the district court rejected the demand of plaintiff in rule and dismissed the rule.
Plaintiff in rule obtained an order of appeal to this court, returnable on or before the 18th day of August, 1904. Plaintiff’s *14 transcript of appeal was presented to the clerk of this court, and was filed by him on the 18th day of March following, a number of days after the return day. No extension of time was ever granted to appellant.
The question was carefully considered in MeDonogh v. De Gruys, 10 La. Ann. 75, and the view announced that the failure of the appellee to timely file the appeal is fatal to the appeal. It gives rise to the presumption of abandonment of the appeal. The court in that case affirmed Dwight, Curator, v. McMillen, 4 La. Ann. 350.
The court cites French v. Harrod, 9 La. Ann. 21, and other decisions rendered under earlier practice of this court.
All these decisions were practically affirmed in the comparatively recent case of Hudson v. Sheriff, 47 La. Ann. 1534, 18 South. 510.
The question came up in Hake v. Lee, 104 La; 147, 28 South. 1004.
It oifiy remains for us to dismiss the appeal.
The appeal is dismissed.