LEVY v. MICHON BROS.

MONROE, C. J., dissents.

---

(77 South. 644)

No. 22938.

LEVY v. MICHON BROS.

In re MICHON BROS.

(Jan. 28, 1918.)

*(Syllabus by Editorial Staff.)*

1. TIME ⊜⟱10(5)—COMPUTATION—EXCLUSION OF HOLIDAYS—"THREE DAYS' NOTICE."

Under Act No. 3 of 1904, Code Prac. arts. 207, 237, and 312, and Rev. St. § 1114, and its amendments, all of which put legal holidays on the same footing as Sunday as days of rest, notice given December 31st of the setting of an appeal for trial on January 3d, did not constitute the three days' notice required by the rules of Court of Appeal, in view of the intervening legal holiday.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Three.]

2. COURTS ⊜⟱82 — RULES OF COURT—EFFECT AS BINDING COURT.

Rules of court until changed ordinarily are as binding upon the court as upon the litigants, and rules of the Court of Appeal as to the time for trial of certain appeals and the notice to be given appellant were absolutely binding in a case triable by only one of the three judges composing the full court, as he could not change a rule made by the full court.

Certiorari to Court of Appeal, Parish of Orleans; Emile Godchaux, Judge.

Action by Arnold Levy against Michon Bros. Judgment for plaintiff, and defendants apply for writs of certiorari and prohibition. Writ of prohibition made peremptory.

Delvaille H. Théard and Jones T. Prowell, both of New Orleans, for relators. David Sessler, of New Orleans (Lazarus, Michel & Lazarus, of New Orleans, of counsel), for Arnold Levy.

PROVOSTY, J. Relators complain that the Court of Appeal fixed their case for a day which did not allow the three days' notice required by the rules of that court, and for a week in which, under the same rules, cases of that kind (appeals from the city court) are not triable.

The said rules read:

"Appeals from city courts shall be posted and set for trial in the off weeks of the session; that is to say, in weeks not devoted to the other business of the court.

"Whenever an appeal from the city court is tried by one judge, he may reserve for consideration by the whole bench any question of law arising therein; the question to be stated by him in writing, or prepared by counsel for both parties at his request, and counsel to have the right to argue same on a day to be assigned for that purpose.

"The court may, at its discretion, set down for trial any city court appeal, three days' notice of said fixing to be first given the adverse party or his counsel.

"Appeals from landlord and tenant cases shall be immediately set down by the clerk for trial during the next city court week, three days' notice thereof to be given the appellant or his counsel."

[1] The case was fixed for January 3d, and the notice of the fixing was given on December 31st. Relators contend that, as January 1st was a legal holiday, it should not count.

When the delay, within which a certain thing is to be done is such that it does not necessarily include Sunday, Sunday is ex-

cluded from the computation. State ex rel. v. Secretary of State, 52 La. Ann. 936, 27 South. 565; Johnson v. Murphy, 124 La. 143, 49 South. 1007. And throughout our legislation legal holidays are put on the same footing as Sunday, as days of rest. Thus, notably, Act 3, p. 5, of 1904, "The following shall be considered as days of public rest and legal holidays," etc.; article 312, C. P., "Exclusive of Sundays and legal holidays;" C. P. arts. 207 and 237; R. S. § 1114, and the numerous acts amending same.

[2] Rules of court, until changed, ought to be, and ordinarily are, as binding upon the court as upon the litigants. 11 Cyc. 742; Walker v. Ducros, 18 La. Ann. 703. The said rules were absolutely binding in the present case, for the reason that they were made by the full court composed of three judges, whereas the present case was triable by one of the judges only, who naturally could not by his single authority change a rule made by the full court.

The writ of prohibition is therefore made peremptory, and the said case is ordered to be fixed and tried in accordance with the said rules.