44 So.2d 305

STATE ex rel. MARCADE et al. v. CITY OF NEW ORLEANS.

No. 39629.

Dec. 9, 1949.

Dissenting Opinion Dec. 12, 1949.

Rehearing Denied Jan. 9, 1950.

Henry B. Curtis, City Atty., and Grady C. Durham, Asst. City Atty., New Orleans, for appellants.

Henry M. Robinson, New Orleans, Lamar Polk, Alexandria, and Herbert J.

Garon, New Orleans, for relators and appellees.

HAWTHORNE, Justice.

The sole question presented by this motion to dismiss the appeal is whether the three days of grace provided in Article 883 of the Code of Practice, allowed an appellant for filing the transcript or for applying for an extension of time, are calendar days or judicial days.

In the instant case the appeal was made returnable on Friday, August 5, 1949. The transcript or record from the court below was not filed on or before this date, and appellant, the City of New Orleans, on Tuesday, August 9, filed a motion requesting an extension of the return day for such filing, which was granted. Subsequently by another order of court the return day was further extended until October 6, and the transcript was filed on October 5.

Appellees, Captain John V. Marcade, Sr., et al., take the position that the three days of grace provided in Article 883 ended at midnight on August 8, 1949, and that consequently appellant's application for an extension of time filed on Tuesday, August 9, came too late. Appellant on the other hand contends that the three days of grace provided in the article are judicial days, and that consequently the application for the extension was timely filed.

Article 883 reads in part as follows:

"If the appellant has not filed in the Supreme Court, on the day appointed by the inferior judge, the record from the court below, and was prevented from doing so by any event not under his control, he may either in person or by attorney apply to the court before the expiration of three days, after which the appellee may obtain a certificate from the clerk declaring that the record has not been filed, and may demand a further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction * * *."

Prior to the adoption of Act No. 92 of 1900 and Act No. 106 of 1908, the days of grace provided for the filing of the transcript in this court were judicial days, under Act No. 45 of the Extra Session of 1870, Section 4, which provided:

"* * * If the Supreme Court shall not be in session on the day fixed for the return day of any case, it shall be sufficient for the appellant to file the record within *three judicial days* at the first session of the Supreme Court thereafter." (All italics ours.)

In State ex rel. Davis v. Judges, 48 La.Ann. 1079, 20 So. 282, this court interpreted the term "judicial day" thus: "A judicial day is distinguished from a legal day in this: the former means a day in which the court is in session, and the legal

day is one in which legal and judicial business can be transacted, as distinguished from *dies non*."

 Black's Law Dictionary (Deluxe Ed.), page 507, defines "judicial day" as "A day on which the court is actually in session".

Act No. 106 of 1908 provides:

"* * * That the Judges of all the courts throughout the State shall fix the return days in all cases, civil or criminal, appealable to the Supreme Court, provided, that the Judge shall fix the return day in the order granting the appeal which shall not be less than fifteen nor more than sixty days from the date of the order, except by consent of parties."

This act limited the return day in all cases to a period of not less than 15 days nor more than 60 days in which to file the transcript in this court from all courts throughout the state, including the Parish of Orleans, which had been excepted in the act of 1900.

In Brooks et ux. v. Smith et al., 118 La. 758, 43 So. 399, the appeal was made returnable to this court on August 15, 1906, and the return date was extended on application by appellants by order of this court to September 15. The transcript was filed on September 20. Appellants took the position that, since the appeal was made returnable during the vacation of the court, the filing of the transcript on or before the first day of the next term was timely. The

court discussed the repugnancy between Act No. 45 of the Extra Session of 1870 and Act No. 92 of 1900, thus:

"The repugnancy between the provisions of the two acts are [is] obvious. The act of 1870 provides for the return of appeals to the Supreme Court at or within its regular terms, and when the court is not in session on the return day it is provided that it shall be sufficient for the appellant to file the transcript within three judicial days at the first session thereafter. Practically the return day was governed by the actual sitting of the court.

"On the other hand, under the act of 1900, the return day is fixed regardless of the sessions of the Supreme Court, and there is no proviso or warrant for the extension of the return day until the next term of the appellate tribunal. The act requires the judge to fix a day certain for the return of the appeal, within the limitation of 60 days from the date of his order. This return day may fall as well in vacation as in term time, but cannot be extended beyond 60 days, except by consent of the parties. The statute substituted a fixed return day for sessions of court, which might or might not be held, and by so doing converted uncertainty into certainty. Under its provisions the appellant is compelled to file his transcript on the return day as fixed by the order of court, and cannot take advantage of the vacation of the Supreme Court for the purposes of delay. Moreover, the appellee knows when the transcript should be

filed, and, if not filed, can proceed with the execution of the judgment without waiting for the next session of the appellate court. The appellant cannot be granted more than 60 days, exclusive of the usual days of grace, to file the record, without a violation of the express limitation of the statute. * * *"

Thus in the instant case the motion for an extension of time, which was filed on Tuesday, August 9, would have been timely under the provisions of the 1870 act and under the interpretation of that act by this court. See Redmond v. Mann et ux., 23 La. Ann. 373; Farmers' & Manufacturers' Aid Association v. Strawbridge et al., 24 La. Ann. 126; State ex rel. Magloire v. Barbin, Sheriff, 25 La.Ann. 667; Chaffe & Sons v. McIntosh et al., 36 La.Ann. 824; Holz v. Fishel et al., 40 La.Ann. 294, 3 So. 888; Lopes v. Sahuque, 114 La. 1004, 38 So. 810.

Under this jurisprudence and the interpretation of the term "judicial day", the appellant in this case would have had until the end of the third day after this court reconvened in October for the 1949–1950 session in which to file the transcript or to apply for an extension of time for this purpose. All of the cases cited above, however, were decided while the 1870 act was still in effect and are not decisive of the matter presented in this case. We consider that the cases of Keplinger et al. v. Barrow, 1913, 132 La. 244, 61 So. 217, and Laiche et al. v. Martin et al., 1914, 135 La. 798, 66 So. 226, decided after the adoption of the acts of 1900 and 1908, are controlling here.

In the Keplinger case the appeal was taken on October 18, 1911, and was made returnable "according to law", and the sixtieth day would therefore have been December 17. The transcript was filed on December 22. The appellants took the position, in opposition to a motion to dismiss the appeal, that they had three days after the return day within which to file the transcript, and that these were judicial days —that is, days on which the court was sitting—, and that the minutes of this court showed that it did not sit in the week following December 17. In answering this contention this court said:

"Prior to the adoption of Act 92, p. 150, of 1900, and Act 106, p. 163, of 1908, the three days of grace in question were *judicial days*, Lopes v. Sahuque, 114 La. 1004, 38 So. 810, and cases there cited; but interpreting said acts in the cases of Brooks v. Smith, 118 La. 758, 43 So. 399, Welch v. Smith, 118 La. 761, 43 So. 400, and Carrol v. Magee, 118 La. 761, 43 So. 400, this court held that under said acts they are *ordinary days*.

"Adhering to this interpretation, we hold that the transcript was filed in this court too late."

In the Laiche case, supra, the appeal was granted on June 19, 1913, and made returnable to the Court of Appeal for the Parish of Orleans according to law. On

October 13 the appellants obtained from that court an order for an extension of time in which to file the transcript, and subsequently other orders were issued extending the time to December 1. The transcript was filed on November 26. The appellees moved to dismiss the appeal on the ground that the transcript was not timely filed within the period prescribed by law, and that the orders granting the various extensions were improvidently and illegally granted by the court. The Court of Appeal dismissed the appeal, 11 Orleans App. 96. This court granted a writ of review, and after reviewing the decision of the Court of Appeal affirmed that judgment, saying in the course of the opinion [135 La. 798, 66 So. 227]:

"* * * defendants contend that they were entitled to three judicial days, after the more remote return day, within which to lodge their record in the appellate court, and, as that court held no session between, say, August 19th, and the day upon which the record was filed, they were in good time. But, as our learned Brethren of the Court of Appeal say, the rule on that subject has been changed, and this court, construing Acts 92 of 1900 and 106 of 1908, has held that, *in view of the fact that those statutes make appeals returnable in vacation, as well as term time, the days of grace are calendar, and not judicial days. * * *"*

Under this later jurisprudence, it is clear that the three days of grace provided in Article 883 of the Code of Practice are calendar days and not judicial days; that the motions for extensions in the instant case came too late; that the orders of the court extending the time in which to file the transcript were improvidently issued and were illegal and invalid, and that the appeal must be dismissed.

In concluding that the three days of grace are calendar days and that the appeal must be dismissed, we are mindful of the general rule to the effect that, where a statute allows a certain period of time in which to perform or do a legal act, after which time the performance or the doing of the thing would be without effect, if the time exceeds a week, intervening Sundays and holidays are to be included in the computation; if the time is less than a week, intervening Sundays and holidays are to be excluded. This rule has been recognized in the following cases, and we think it is applicable here, although none of these cases dealt with the period of time for filing an appeal: State ex rel. State Pharmaceutical Association et al. v. Michel, 52 La.Ann. 936, 27 So. 565, 49 L.R.A. 218, 78 Am.St. Rep. 364; Fellman v. Mercantile Fire & Marine Ins. Co., 116 La. 723, 41 So. 49; Johnson v. Murphy, 124 La. 143, 49 So. 1007; Levy v. Michon Bros., 142 La. 825, 77 So. 644; Frank v. Currie, La.App., 172 So. 843.

In the case here under consideration, although Saturday and Sunday were legal holidays and both of these days fell within the period of grace, they are to be

included in computing the delay for filing the transcript or applying for an extension of time, since the period of time for filing a transcript in this court is fixed by the 1908 act at not less than 15 days nor more than 60 days, and the three days provided in Article 883 are merely an extension of this time, or, as has often been said, "days of grace". Since the minimum time fixed by the statute for the filing of the transcript is more than a week (15 days), intervening Sundays and holidays are to be counted.

■ Under the well settled jurisprudence, however, if the last day of grace falls on a legal holiday, the appellant has the following day. See Kelly, Weber & Co. v. F. D. Harvey & Co., Inc., et al., 178 La. 266, 151 So. 201; Mansur v. Abraham et al., 183 La. 633, 164 So. 421, and authorities therein cited. The last day of grace in this case fell on Monday, August 8, which was not a legal holiday, and on that day appellant could have legally filed the application for an extension of time in which to lodge the transcript in this court.

In support of the contention that the three days of grace are judicial days, appellant calls our attention to Act No. 234 of 1932, in which we find the phrase "within three judicial days after the return day". Appellant concedes that under the interpretation of this act by this court it has no application to a motion to dismiss an appeal made on the ground that the transcript was not filed by the appellant in the Supreme Court on the return day or within three days thereafter, or within an extension of time granted by this court. A reading of the act discloses that it was the Legislature's intention to prevent the dismissal of appeals for the filing of an incomplete transcript or for the omission of an exhibit or for some purely technical reason, without first giving the appellant two days in which to correct the error. Certainly it was not the intention of the Legislature to change the well established rule that the three days of grace are not judicial days.

Appellant also cites in support of its contention the cases of Levy v. Levy et al., 52 La.Ann. 1920, 28 So. 246; Mix v. Hawkins, 115 La. 12, 38 So. 877; Hays et al. v. Mayer et al., 117 La. 1067, 42 So. 505; Roy O. Martin Lumber Co. v. Mullen, 173 La. 390, 137 So. 72. None of these cases is pertinent or factually in point, and they do not support appellant's contention. It is true that in the Martin Lumber Co. case the expression "judicial days" is found. This expression was ill-advisedly used, and furthermore that part of the opinion was merely obiter dictum, as the transcript in that case was filed one day after the appeal was made returnable and therefore was filed within the days of grace, regardless of whether they were judicial days or otherwise. Other cases cited by appellant were decided prior to the effective dates of the 1900 and the 1908 acts, which we have discussed hereinabove.

For the reasons assigned, the orders of this court granting extensions of time in which to file the transcript, being improvidently issued, illegal, and invalid, are recalled, and it is now ordered that the appeal be dismissed; costs of these proceedings are to be paid by appellant, City of New Orleans, insofar as allowed by law.

MOISE, J., dissents and will file written reasons.

MOISE, Justice (dissenting).

A reading of Article 883 of the Code of Practice and Act No. 234 of 1932 demonstrates the fact that our legislature was liberalizing the constitutional right of appeal. The construction placed on these legislative enactments by the majority opinion of the Court restricts the constitutional right of appeal, for the majority opinion holds that the three-day period of grace means ordinary and not judicial days.

Article 883 of the Code of Practice reads:

"If the appellant has not filed in the Supreme Court, on the day appointed by the inferior judge, the record from the court below, and was prevented from doing so by any event not under his control, he may either in person or by attorney apply to the court before the expiration of three days, after which the appellee may obtain a certificate from the clerk declaring that the record has not been filed, and may demand a further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction; the court may even grant an injunction to the appellant, during the further time allowed, to suspend the execution on the judgment appealed from, if at the time of petitioning for such further delay, the appellee has already required of the clerk the certificate necessary for the pursuit of such execution."

The pertinent part of Act No. 234 of 1932 reads:

"That whenever an appellant files an incomplete transcript, or files the transcript or a *further application for an extension, within three judicial days after the return day* * * *."

The issue here is the application for an *extension of time in which to file a transcript in this Court.* In clear and unambiguous language the last expression of the legislature used in the statute, Act No. 234 of 1932, is that the three days of grace for the filing of the transcript for a further extension of time are *judicial* and not *ordinary* days. The admonition of Article 13 of the Revised Civil Code is that "When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit." For the purposes of this dissent, I take it that the term used in the majority opinion "ordinary days" means calendar days, and the term used by the legislature in its statute, Act No. 234 of 1932, "judicial days", re-

ferred to days that a court transacted business.

The record discloses that the return date in this appeal was fixed by the judge of Division "D" of the Civil District Court for the Parish of Orleans for Friday, August 5, 1949. On Tuesday, August 9, 1949 the City of New Orleans, appellant, filed in this Court a motion requesting an extension to September 6, 1949 for filing of the transcript of appeal, which was granted. Subsequently the return day was further extended until October 6, and the transcript was filed on October 5. The question at issue is whether the motion for an extension for filing the transcript, filed on Tuesday, August 9, 1949, was timely filed. The original return day was a Friday (August 5); the day following was Saturday, August 6th, a day on which the Clerk's Office of this Court is not open. The 7th of August was a Sunday, a dies non. The 8th was a Monday, and on the next day, Tuesday, August 9th, the motion for an extension of time was filed. Under our computation this motion was filed within the three judicial days of grace, Act No. 234 of 1932, and the days of grace must of necessity be "judicial" and not "calendar" days, because the appellant has no chance of showing that he was free of fault, or be able to file the transcript other than on a judicial day.

Our Court has decided that the three days of grace are judicial days:

Roy O. Martin Lumber Company v. Mullen, 1927, 173 La. 390, 137 So. 72; Holz v. Fishel et al., 40 La.Ann. 294, 295, 3 So. 888; Redmond v. Mann, 23 La.Ann. 373; Brickell v. Conner, 10 La.Ann. 235; Farmers' & Manufacturers' Aid Ass'n v. Strawbridge, 24 La.Ann. 126; Vancampen v. Morris, 6 Rob. 79; Palfrey v. Winter, 8 La. 205, 206; Pond v. Horton, 7 La. 176; Rhea v. The John Simonds, 15 La.Ann. 712; Lacroix v. Bonin, 33 La.Ann. 119; Pierce v. Cushing, 33 La.Ann. 401; Police Jury of New Orleans v. Garrett, 19 La.Ann. 122; Copley v. Routh, 3 La.Ann. 189; Cousin v. Johnson, 21 La.Ann. 210; Dalton v. Viasco et al., 18 La.Ann. 651; Moriere v. Robinson & Jones, 20 La.Ann. 229; Verret v. Gaudin, 28 La. Ann. 138; French v. Harrod, 9 La.Ann. 21; Ducournau v. Levistones, 3 La.Ann. 245; Wood & Roane v. Wood, 32 La.Ann. 801, 804; Mix v. Hawkins, 115 La. 12, 38 So. 877; Levy v. Levy, 52 La.Ann. 1920, 28 So. 246; Hays v. Mayer, 117 La. 1067, 42 So. 505; Lopes v. Sahuque, 1904, 114 La. 1004, 38 So. 810; Rost v. St. Francis' Church, 5 Mar., N.S., 191.

The last solemn expression of legislative will is that the three days of grace are *judicial* days, and when the majority opinion of the Court gives no effect to the language of Act No. 234 of 1932, which says they are *judicial* days, and under the pretext of pursuing the spirit of the law declares them to be *ordinary* days, that is a refinement which I do not fully understand. When the majority opinion so holds, it is not deciding a judicial controversy, but is assuming a position of authority over the governmental acts

of another co-equal department of government, an authority which plainly we do not possess.

I respectfully dissent.