FOURNET, Chief Justice.
The defendant, Robert Elias, who was convicted in the Fifteenth Judicial District Court, Parish of Lafayette, on the 21st of October, 1955, on the charge of illegal sale of narcotic drugs and was sentenced on the 28th of the same month and year, to be incarcerated in the State pentitentiary for a period of 12 years, having failed to apply for an appeal until his motion was read in open court on the 16th day of November, at Abbeville, Parish of Vermilion, the State has filed a motion to dismiss on the ground that the defendant’s motion for appeal was not timely.
The controlling law on the subject matter is Article 542 of the Code of Criminal Procedure, to be found under the heading “Appeal,” now LSA-R.S. 15:542, which declares : “The party desiring to appeal in a criminal case shall make in open court a motion for an appeal verbally or in writing, ■within ten judicial days after the rendition of the judgment complained of; * * (Italics ours.)
A judicial day is one “on which court is actually in session” (Black’s Law Dictionary (DeLuxe Ed.) p. 507; State ex *1035 rel. Davis v. Judges of First Circuit Court of Appeals, 48 La.Ann. 1079, 20 So. 282; State ex rel. Marcade v. City of New Orleans, 216 La. 587, 44 So.2d 305, and under the mandatory provisions of the Constitution of 1921, LSA, district courts “hold continuous sessions during ten months of the year. * * * ”, Art. 7, § 43. This provision, as construed by the Legislature of 1950, “means that district courts shall be open always * * * ”, LSA-R.S. 13:503, except on Sundays and legal holidays, and during court vacation, LSA-R.S. 13:501 and 13:502;. and LSA-R.S. 13:503 further declares that "proceedings shall be deemed; held in open court while the judge is on the bench. * * *”
Under the facts above stated it would appear that sentence was passed on Friday, October 28; omitting the dies non that follow, i. e., two half holidays, Saturday, October 29, and Saturday, November 5, and the Sundays which fell on October 30 and November 6, would make the tenth judicial day after sentence fall on November 10; but inasmuch as it appears from a certified copy of the Minutes of Court that no one of the three judges was “on the bench” at Lafayette on that day, the next day available to defendant to- offer his motion in open court was November 14, and having failed to perfect his appeal on that day, the motion for appeal came too late.
For the reasons assigned the appeal is dismissed.