SIMON, Justice.
The defendant, Neelis Broussard, was convicted of the crime of simple burglary denounced by LSA-R.S. 14:62, and was sentenced to serve a term of six years in the state penitentiary. During the course of the trial sixteen bills of exception were reserved as a basis for this appeal and upon which the defendant relies for a reversal of the conviction and sentence.
In this Court, the State filed a motion to dismiss the appeal on the ground that the motion for appeal filed by the defendant was not timely.
LSA-R.S. 15 :542 is the controlling law as to the manner and time of perfecting appeals in criminal cases, and provides as. follows:
“The party desiring to appeal in a criminal case shall make in open court a motion for an appeal verbally or in writing, within ten judicial days after *871 the rendition of the judgment complained of; provided, that if before the expiration of the last day upon which an order of appeal can be entered the judge has not acted on the bills of exception tendered him, the accused shall be granted an additional delay to appeal of one day for every day after the tenth day the judge fails to act finally upon the bills of exception tendered him for signature.” (Italics ours.)
The pertinent dates in the instant case as shown by the record reflect that sentence was imposed on June 13, 1956; that the bills of exception were submitted by the accused to the trial judge on June 26, 1956; that the trial judge signed said bills on September 28, 1956; and that the defendant filed his motion for an appeal on November 19, 1956, which motion was denied by the trial court on December 3, 1956.
Upon application by the defendant for writs of certiorari, mandamus and prohibition, we issued an order directing the trial judge to grant to defendant-relator a suspensive appeal or to show cause why such relief should not be granted. In obedience to our order, the trial judge granted a suspensive appeal to the defendant on December 7, 1956. The issuance of these writs by us in no way prejudged the issue presented by this motion to dismiss but simply reserved the constitutional right of the defendant to an appeal. The timeliness of the motion for appeal by the defendant is an issue to be resolved by us.
The fundamental law bearing on the issue presented here is pronounced in the case of State v. Elias, 229 La. 1032, 87 So.2d 521, 522, as follows:
“A judicial day is one ‘on which court is actually in session’ (Black’s Law Dictionary (DeLuxe Ed.) p. 507; State ex rel. Davis v. Judges of First Circuit Court of Appeals, 48 La. Ann. 1079, 20 So. 282; State ex rel. Marcade v. City of New Orleans, 216 La. 587, 44 So.2d 305, and under the mandatory provisions of the Constitution .of 1921, LSA, district courts ‘hold continuous sessions during ten months of the year. * * * ’, Art. 7, § 43. This provision, as construed by the Legislature of 1950, ‘means that district court shall be open always * * *’, LSA-R.S. 13:503, except on Sundays and legal holidays, and during court vacation, LSA-R.S. 13 :- 501 and 13:502; and LSA-R.S. 13:-503 further declares that 'proceedings shall be deemed held in open court while the judge is on the bench. * * ”
It is seriously and somewhat plausibly contended by defendant that under LSA-R.S. 15:542 he is entitled to one day for every day after the tenth day the judge failed to act finally upon the bills of ex *873 ■ception tendered for signature beginning from the day the bills were signed; and •that therefore, under the delays herein, since ninety-three days had elapsed from the day the bills were submitted to the day they were signed, defendant was entitled to ninety-three days beginning September 28, 1956 to file his motion for appeal; and that November 19, 1956 was only fifty-one days from the signatory date and therefore the motion filed on November 19, 1956 was timely.
The Fifteenth Judicial District Court in which the defendant was tried and convicted is in session for ten consecutive months each year, its vacation period being the months of July and August. LSAConst.1921, Art. 7,- Sec. 43.
Defendant timely submitted his bills of exception to the trial judge for his approval and signature on June 26, 1956 which was within the tenth judicial day after the rendition of the judgment complained. However, the bills of exception were not acted upon or signed by the trial judge until September 28, 1956, a period of ninety-three days from the day the bills were submitted to him.
In his computation of the delay, defendant includes judicial days as well as non-judicial days. LSA-R.S. 15:542, however, provides for judicial days; and under defendant’s contention the delay should then be computed to be one day for every judicial day from the tenth day designated in said article until the day the bills were signed.
Thus, omitting the dies non, there were three judicial days in June and twenty judicial days in September, or a total of twenty-three judicial days, before the judge signed the bills.
The defendant complains of the unusual delay on the part of the trial judge in acting on the bills of exception and of his unconscionable failure to notify the defendant or his counsel of the signing of the bills as of that date. Counsel acknowledges having learned thereof some two or three weeks after said bills were signed. However, he failed to file a motion for an appeal until November 19, 1956. Thus, omitting the dies non, thirty-four days elapsed from the date the judge signed the bills of exception to the date of the filing of the motion for an appeal.
Should we uphold defendant’s contention, which we do not, that the defendant had the right to file his appeal within a delay of one judicial day for every day after the tenth day the judge failed to act finally upon the bills beginning from said signatory date, under his own contention, defendant would have been obliged to file his motion for an appeal on October 31, 1956, being the twenty-third judicial day following the signatory date of September 28, 1956. Thus, even under his own contention having filed it on November *875 19, or thirty-four judicial days after the signing of the bills, the motion was filed too late.
Under our existing law and jurisprudence, however, the defendant was obliged to file his motion for an appeal the day following or one day after the judge had signed the bills of exception; and the next judicial day available to defendant to file his motion was October 1, 1956.
We appreciate the hardship which this law, as interpreted by us, may impose on defendants as well as their counsel. Nevertheless, we are bound to enforce the law as it is written, and any desirable change therein is vested exclusively in the province of the Legislature.
Therefore, we conclude that, having delayed to make his appeal more than one judicial day after the day the judge signed the bills of exception, the defendant filed his motion for an appeal too late; and, therefore, it cannot be considered by this Court.
Accordingly, for the reasons assigned, the appeal is dismissed.
HAMITER, J., concurs in the decree.
HAWTHORNE, J., absent.
McCALEB, J., dissents.