SANDERS, Justice.
By Bill of. Information, the state charged J. W. Perkins with simple burglary. Upon trial, the jury returned a verdict of guilty. The court sentenced him to nine years in the Louisiana State Penitentiary.
After perfecting eight Bills of Exception, defendant appealed.

Bills of Exceptions Nos. 5 and 8

In this Court, defendant relies mainly upon Bills Nos. 5 and 8. He asserts the trial court committed reversible error by allowing the state to attempt to lay the foundation for the introduction of two exhibits, ultimately ruled inadmissible, in the jury’s presence. He reasons the jury saw the exhibits as they were presented to the witnesses for identification; hence, prejudice resulted.
The state sought to introduce as demonstrative evidence five items allegedly taken or used in the burglary. These were: S-l, a bucket containing.money; S-2, a box of cigars; S-3, a bucket containing five bottles of liquor; S-4, a small door; and S-5, a crowbar. These items were presented to the state’s witnesses for identification in the presence of the jury. The witnesses identified definitely all items except the box of cigars and the liquor in the bucket, which the court ruled inadmissible. The identified items were admitted into evidence.
We find no error in the foundation procedure. The prosecution may properly submit an exhibit to a witness in the presence of the jury in a good faith attempt to lay a foundation for its introduction, though it may be finally excluded. People v. Powloski, 311 Ill. 284, 142 N.E. 551; 23 *683 C.J.S. Criminal Law § 1035, pp. 1152, 1155. See also State v. Nattalie, 163 La. 641, 112 So. 514. We must assume the jury acted only upon the evidence introduced, under proper instructions of the . court.

Bill of Exception No. 6

Defendant reserved Bill No. 6 to the court’s overruling of his Motion in Arrest of Judgment. In this motion, he attacked the sufficiency of the Bill of Information, alleging it “failed to describe or particularize the structure entered into as required by law.” He relies upon State v. Broussard, 233 La. 866, 98 So.2d 218.
The Bill of Information charged: “J. W. Perkins * * * did unlawfully commit simple burglary of the ‘Elkhorn Lodge’, located between Oakdale and Oberlin on U. S. Highway 165, owned by Walter Abbott and leased by Earl Davis * * * in violation of R.S. 14:62.”
The charge is not in the precise language of the short form indictment in LSA-R.S. 15:23s.[1] Yet it clearly contains the full substance of the statutory form.
Any “vehicle, water craft, dwelling or other structure” may be the subject of simple burglary. LSA-R.S. 14:62. The information describes the subject of this burglary as “Elkhorn Lodge”, located on U. S. Highway 165. This sufficiently identifies the place entered as a building, or structure. LSA-R.S. 15 :235. See State v. Rowan, 246 La. 38, 163 So.2d 87 and State v. McCrory, 237 La. 747, 112 So.2d 432.
Because the charge in State v. Broussard, supra, differs from the present Information, that decision is inapplicable here.
The trial judge properly overruled the Motion In Arrest of Judgment.
Bills of Exceptions Nos. 1, 2, 3, 4, and 7
Defendant submitted Bills Nos. 1, 2, 3, 4, and 7 without argument. Bill 7 relates to the trial judge’s rejection of Bills 1 through 5, because they were not presented within the delay fixed by the court. Since the disputed bills were later perfected, Bill No. 7 is moot. The remaining bills relate to the qualifications of jurors. We have reviewed these bills and find no merit in them.
For the reasons assigned, the conviction and sentence are affirmed.

. A. B. committed simple burglary on the houseboat (or other structure, watercraft, movable as the case may be) belonging to O. D.